**The STATE of Texas, Appellee,**

v.

**Ramiro Ramirez GARZA, Appellant.**

No. 1222–95.

Court of Criminal Appeals of Texas, En Banc.

Sept. 11, 1996.

John A. George, Victoria, for Appellant.

Lorretta Owen, Asst. District Attorney, Victoria, Matthew Paul, State's Atty., Austin, for State.

*OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW*

CLINTON, Judge.

Appellant was originally convicted on June 21, 1991 for the offense of aggravated sexual assault and sentenced to ten years confinement in the penitentiary. He filed a motion for new trial which the trial court purported to grant, a docket entry having been made to that effect. However, the trial court did not sign an order granting the motion for new trial and cause it to be entered in the record. Nevertheless, the trial court in fact conducted a new trial in September and October of 1991. Appellant was again convicted, and this time he was sentenced to forty years confinement and a fine of $10,000.

On appeal to the Thirteenth Court of Appeals appellant contended that his second conviction should be nullified, and the first reinstated. He argued that the trial court lost jurisdiction over the cause when it failed to sign a written order disposing of his motion for new trial within 75 days after the date sentence was imposed in open court. Tex.R.App.Pro., Rule 31(e)(3). Because the trial court had no jurisdiction over the cause, he maintained, the second purported judgment of conviction was void. The court of appeals agreed, setting aside the second conviction and declaring the first conviction final. *Garza v. State,* 904 S.W.2d 877 (Tex. App.—Corpus Christi 1995). Along the way the court of appeals rejected the State's contention that the docket entry was sufficient to satisfy the requirement of a written order disposing of the motion for new trial, relying upon the opinion of the Texas Supreme Court in *Taack v. McFall,* 661 S.W.2d 923 (Tex.1983). In *Taack* the Supreme Court held that a docket entry does not satisfy Tex.R.Civ.Pro., Rule 329b(c), a provision phrased in all material respects identically to Rule 31(e)(3).

The State argued in the alternative that the court of appeals ought to invoke Tex. R.App.Pro., Rule 2(b), to suspend the effect of Rule 31(e)(3). The court of appeals rejected this argument as well, reasoning that it was not at liberty to apply Rule 2(b) so as to extend the trial court's jurisdiction, citing by analogy this Court's recent opinion in *Garza v. State,* 896 S.W.2d 192 (Tex.Cr.App.1995). We granted the State's petition for discretionary review in order to examine both these holdings. Tex.R.App.Pro., Rule 200(c)(2) & (4).

*I.*

Rule 31(e) reads, in relevant part:

"(1) *Time to Rule.* The court shall determine a motion for new trial within 75 days after the date sentence is imposed or suspended in open court.

\* \* \* \* \* \*

(3). *Failure to Rule.* A motion not timely determined by written order signed by the judge shall be considered overruled by operation of law upon expiration of the period of time prescribed in section (e)(1) of this rule."

The State points out that this Court has never expressly ruled that a docket entry fails to satisfy the requirement that a motion for new trial be ruled upon "by written order signed by the judge." However, as the court of appeals noted below, the Supreme Court has held, construing similar language in the Rules of Civil Procedure, that a docket entry

does not constitute a "written order." It thus cannot prevent the overruling of a motion for new trial in a civil case by operation of law upon expiration of the designated time for ruling.

Rule 329b(c) of the Rules of Civil Procedure, in relevant part, reads (and has read since 1981): "In the event an original or amended motion for new trial ... is not determined by written order signed within seventy-five days after the judgment was signed, it shall be considered overruled by operation of law on expiration of that period." In *Taack* the Supreme Court held that the trial court's "oral pronouncement and docket entry granting the new trial could not substitute for the written order required by Rule 329b(c)." *Id.*, at 924. To the same effect was its earlier ruling in *Clark & Company v. Giles*, 639 S.W.2d 449, 450 (Tex. 1982).

On the criminal side, former Article 40.05 of the Code of Criminal Procedure was also amended in 1981 to read substantially as Rule 329b(c) does, *viz:* "In the event an original or amended motion for new trial is not determined by written order signed within 75 days after the date sentence is imposed or suspended in open court, it shall be considered overruled by operation of law on expiration of that period." Only the event that triggers the seventy-five day period is different. In both Rule 329b(c) and former Article 40.05(c), only a "written order" will suffice to prevent a motion for new trial from being overruled by operation of law. The Rules of Appellate Procedure merely recodified Article 40.05(c); no substantive change was either intended or accomplished. The rulemakers were presumably aware of the Supreme Court's construction of the practically identical language of Rule 329b(c) in both *Taack* and *Clark & Company* when they incorporated Article 40.05(c), without substantive change, into Rule 31(e)(3). The State offers no argument why this Court should interpret Rule 31(e)(3) any differently than the Supreme Court construes its own procedural Rule, and we can think of none. The court of appeals did not err to hold that a docket entry does not amount to a "written order" under Rule 31(e)(3).

## II.

We have elsewhere held, in *State ex rel. Cobb v. Godfrey*, 739 S.W.2d 47, 49 (Tex. Cr.App.1987), that once a motion for new trial is overruled by operation of law, the trial court loses jurisdiction to rule upon it. Accordingly, the court of appeals ruled that the second conviction in this cause was void. The State does not contest this particular aspect of the court of appeals' opinion. Instead, the State argues that the court of appeals erred in failing to suspend operation of Rule 31(e)(3), on authority of Rule 2(b). In essence the State maintains that the court of appeals abused its discretion in failing retroactively to re-confer jurisdiction on the trial court to grant the motion for new trial, not-withstanding the fact that under the "explicit" provisions of Rule 31(e)(3) that motion was overruled by operation of law. *State ex rel. Cobb v. Godfrey, supra*, at 49.

Rule 2(b) provides:

"**(b) Suspension of Rules in Criminal Matters**. Except as otherwise provided in these rules, in the interest of expediting a decision or for other good cause shown, a court of appeals or the Court of Criminal Appeals may suspend requirements and provisions of any rule in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction. Provided, however, that nothing in this rule shall be construed to allow any court to suspend requirements or provisions of the Code of Criminal Procedure."

In *State ex rel. Cobb* the respondent, a district court judge, asked this Court to suspend Rule 31(e)(3), and let stand his written order granting a motion for new trial that had not been signed until after the motion had been overruled by operation of law. That is what the State would have us do today. After observing that the respondent in *Cobb* had lost jurisdiction to rule on the motion for new trial, we declined to suspend Rule 31(e)(3) with the simple observation that he "failed to show good cause why this Court should suspend this rule, other than to remedy his own tardiness." The State contends that, unlike the respondent in *Cobb*, it has demonstrated

"good cause" under the circumstances of this case.

It was appellant who asked for a new trial, the State argues, and in essence he received one (albeit a void one). He should not now be heard to complain of the result of that new trial, especially when "a young victim of aggravated sexual assault is caused to come back to court and testify[.]" Under these circumstances, the State continues, the court of appeals erred to rely on "the technical requirement of having a *signed* order of new trial" to undo the second conviction. "Surely these circumstances are just the kind of 'good cause' that was contemplated when [Rule 2(b)] was enacted[,]" the State concludes. Thus the State appears to contend that this case presents "good cause" as a matter of law, such that the court of appeals essentially abused its discretion to *refuse* to suspend Rule 31(e)(3).

We must reject this argument, for three reasons. First, the State has arguably failed to present even colorable "good cause" in this case. It was within the State's power to appeal the purported granting of appellant's motion for new trial, and stay the second prosecution before it began. Article 44.01(a)(3) & (e), V.A.C.C.P. Had the State appealed, it surely would have prevailed, on authority of *State ex rel. Cobb,* supra, the very case appellant ultimately relied on in the court of appeals. Like appellant does now, the State could have prevented the second trial by pointing out that the trial court had not had jurisdiction to grant the motion for new trial. For that matter, had appellant received a lesser sentence at the second trial, rather than a greater one, we would expect the State itself to urge that the second conviction be nullified, either by way of direct appeal, Article 44.01(b), V.A.C.C.P., or, failing that, by application for writ of mandamus. *State ex rel. Cobb, supra.*

■  Secondly, in any event, we do not believe Rule 2(b) contemplates such a thing as "good cause" as a matter of law, if by that the State means that a court of appeals would have no option but to suspend a rule. Rule 2(b) is phrased in permissive terms. According to its plain language, a court of appeals "may" suspend a provision of the Rules of Appellate Procedure. But on its face the rule does not *require* suspension, even upon "good cause shown[.]" " '[M]ay' ordinarily connotes discretion or permission, and it will not be treated as a word of command unless there is something in the context or subject matter of the act to indicate that it was used in that sense." 67 Tex. Jur. 3rd, Statutes § 103 (1989), at 680. The State points to nothing about the context or subject matter of Rule 2(b) to suggest "may" should be read imperatively.

The only boundary we have set upon the courts of appeals in exercise of their Rule 2(b) discretion is to *preclude* them from suspending a rule under some circumstances. Thus, as the court of appeals here noted, this Court has held that Rule 2(b) does not authorize an appellate court to extend its own jurisdiction. *Garza v. State,* supra, 896 S.W.2d at 194. Whether or not a court of appeals "may" suspend a rule in order retroactively to extend jurisdiction of a *trial court* is another question—one which we have not before, but will presently, address. But even were we to hold that an appellate court *has authority* to do so, we would not hold it is *bound* to, even on a showing of "good cause."

■  Finally, and most importantly, in our view Rule 2(b) does not authorize the retroactive suspension of rules governing events that have already occurred at the trial level before the record has been conveyed to the appellate court. True, on its face the rule allows suspension of provisions of "any" rule, even those governing motion for new trial. Nevertheless, the suspension of a rule is permitted only in accordance with the conditions enumerated in the rule, *viz:* "in the interest of *expediting a decision* or for *other* good cause shown[.]" This language signifies that what Rule 2(b) contemplates in the way of "good cause" is one of the relatively rare situations in which suspending a rule, rather than following it, will actually facilitate processing the case through the appellate court, by "expediting a decision" or otherwise. It does not authorize courts of appeals to reach back, after appeal has been perfected and the record filed, and alter the course of events at the trial court level, as the State asked the court of appeals to do here.

**564**

For all these reasons the court of appeals did not err in declining to suspend Rule 31(e)(3) in this cause. The judgment of the court of appeals is therefore affirmed.

WHITE, J., not participating.

MALONEY, J., dissents.