**The STATE of Texas, Appellant,**

v.

**Jimmy Franklin RINEHART, Appellee.**

No. 05–97–00053–CR.

Court of Appeals of Texas, Dallas.

Dec. 11, 1997.

---

Arch McColl, III, McColl & McColloch, Dallas, for Appellee.

Tom O'Connell, Criminal District Attorney, Susan J. Barnett, Assistant Criminal District Attorney, McKinney, for State.

Before LAGARDE, MORRIS and MOSELEY, JJ.

MORRIS, Justice.

The State of Texas appeals after a jury trial in which appellee Jimmy Franklin Rinehart was found guilty of driving while intoxicated. In particular, the State appeals the trial court's decision to grant a new trial and resentence appellee to deferred adjudication community supervision. The State argues, among other things, that the trial court erred because appellee's motion for new trial was overruled by operation of law. We agree that appellee's motion for new trial was overruled by operation of law and the trial court was without authority to retry the case. We reverse the trial court's order placing appellee on community supervision without an adjudication of guilt and reinstate the prior conviction and sentence.

## Factual Background

Appellee was arrested for driving while intoxicated. He initially pleaded no contest to the charge and was sentenced. The trial court granted appellee a new trial, however, on the ground that his plea was involuntary. A subsequent jury trial resulted in a mistrial. Appellee was retried in September 1996, and the jury returned a guilty verdict. On September 11, 1996, the trial court assessed punishment at six months' confinement and a $500 fine. The trial court then probated the term of confinement and the fine.

The next day, appellee filed a motion for new trial alleging the trial court made erroneous evidentiary rulings at trial. Seventy-two days after sentencing, appellee filed an amended motion for new trial reasserting the grounds contained in the original motion and also alleging that his counsel at trial rendered ineffective assistance because he failed to inform appellee that he was eligible to receive deferred adjudication community supervision if he pleaded guilty. On the seventy-fifth day after sentencing, the trial court held a hearing, orally granted the amended motion for new trial, and made a notation on its docket sheet to that effect. The trial court, however, did not sign a written order granting the amended motion for new trial. On the same day, the trial court retried the case, accepted appellee's plea of no contest, deferred adjudication of guilt, placed appellee on twelve months' probation, and assessed a fine. The State filed its notice of appeal two days later.

## Discussion

■ In its first point of error, the State complains that appellee's motion for new trial was overruled by operation of law because the trial court did not rule on it by written order within seventy-five days after sentencing. The State relies on former Texas Rule of Appellate Procedure 31(e) to support its argument.

We note that new appellate rules went into effect on September 1, 1997. The substance of former rule 31(e) is now found in Texas Rule of Appellate Procedure 21.8. The Texas Court of Criminal Appeals, in adopting the new appellate rules, expressly ordered that the new rules will govern all proceedings pending on September 1, 1997 "except to the extent that in the opinion of the court their application in a particular proceeding then pending would not be feasible or would work injustice, in which case the former procedure may be followed." Because we perceive new rule 21.8 and former rule 31(e) to be substantively and procedurally similar, we apply new rule 21.8, concluding it is feasible to apply that rule in this case and it would not work an injustice to do so.[1]

Under Texas Rule of Appellate Procedure 21.8(a), a trial court must rule on a defendant's motion for new trial within seventy-five days after imposing sentence. Rule 21.8(b) provides that a trial court's ruling granting a motion for new trial "must be accomplished by written order." Additionally, rule 21.8(b) adopts the holding in *State v. Garza* by providing that "[a] docket entry does not constitute a written order." *See State v. Garza*, 931 S.W.2d 560, 562 (Tex. Crim.App.1996). Lastly, rule 21.8(c) states that a motion for new trial "not timely ruled on by written order will be deemed denied" when the seventy-five day period prescribed in rule 21.8(a) expires.

■ In this case, the jury convicted appellee, and the trial court sentenced him, on September 11, 1996. The trial court orally granted the motion for new trial on November 25, 1996, exactly seventy-five days after sentencing. The trial court, however, did not sign a written order granting appellee's motion. And, although the trial court made a docket entry indicating its intent to grant appellee's motion, the docket entry by the express language of the rule does not satisfy the written order requirement of rule 21.8(b). Thus, by virtue of rule 21.8(c), appellee's motion for new trial was denied by operation of law.

Because the trial court never granted appellee's motion for new trial by written order within the prescribed time, the new trial held on November 25, 1996, wherein the court accepted appellee's no contest plea and deferred adjudication of guilt, was a nullity. A new trial, by definition, means the rehearing of a criminal action *after* the trial court has, on the defendant's motion, set aside the previous verdict or finding of guilt. *See* TEX. R.APP. P. 21.1. In effect, the trial court had no authority to retry the case without first granting appellee's motion for new trial. Only by granting the motion for new trial by written order in accordance with rule 21.8(b) could the trial court restore the case to its position before the former trial. *See* TEX. R.APP. P. 21.9. Consequently, because the trial court did not grant appellee's motion in accordance with the rule, appellee's September 11, 1996 conviction and sentence are final. *See Garza v. State*, 904 S.W.2d 877, 879 (Tex.App.—Corpus Christi 1995), *aff'd*, 931 S.W.2d 560 (Tex.Crim.App.1996).

■ Appellee argues, however, that the trial court had the authority to retry the case. Appellee points out that the trial court orally granted the amended motion for new trial, held the plea hearing, and signed an order deferring adjudication on the last day of its jurisdiction. Although there is no written order expressly granting the amended motion for new trial, appellee maintains that the trial court's written deferred adjudication order by implication necessarily incorporates the trial court's oral pronouncement granting his motion for new trial. In effect, appellee contends the written deferred adjudication order satisfied the written order requirement of rule 21.8(b). We disagree.

It is clear that a trial court's docket entry, which may definitely reflect the court's intent, cannot substitute for a written order granting a new trial. *See* TEX.R.APP. P. 21.8(b); *Garza*, 931 S.W.2d at 562. Similarly, we conclude that a written order that may impliedly reflect the trial court's intent to grant a motion for new trial, but does not expressly do so, cannot substitute for a written order granting a defendant's motion for

---

1. We note that the comment to rule 21 states that former rules 30, 31, and 32 are merged into the new rule, and only nonsubstantive changes are made.

new trial as specifically required by rule 21.8(b). If a trial court's intent were the critical inquiry, appellate courts would be put in the position of guessing what the trial court actually did and, thus, would be guessing at whether a trial court acted within its authority and jurisdiction. Uncertainty would flourish. Accordingly, we hold that rule 21.8(b) requires a written order that expressly grants the defendant's motion for new trial.[2] We sustain the State's first point of error.

The State asserts two other points of error. In its second point of error, the State argues that the trial court erroneously granted the amended motion for new trial because the amended motion was untimely filed seventy-two days after sentencing. *See* TEX. R.APP. P. 21.4(b) (providing that a motion for new trial, if not ruled on, may be amended without leave up to thirty days after sentencing). In its third point of error, the State argues that the order deferring adjudication of guilt was an illegal sentence because deferred adjudication is not available to defendants convicted of driving while intoxicated. We need not address the State's second and third points of error because we have already concluded the trial court's oral granting of the new trial and appellee's later retrial are nullities.

By way of a cross-point, appellee urges that the trial court erroneously denied his request for entry of an order nunc pro tunc. We first turn to a recitation of the facts relevant to this issue.

After the State filed its notice of appeal, the State filed a motion to enforce the sentence of September 11, 1996 on the ground that, because there was no written order granting the motion for new trial, the subsequent retrial and deferred adjudication order signed on November 25, 1996, were nullities. In response, and in a belated attempt to satisfy the written order requirement in rule 21.8, appellee filed a request for a written order granting his motion for new trial nunc pro tunc. The appellate record was filed before the trial court could hear the motions.

At the request of both parties, the record was returned to the trial court. The trial court then held a hearing on the motions but denied them, reasoning that the return of the record did not reinstate the trial court's plenary jurisdiction. *See* TEX.R.APP. P. 25.2(e) (providing for the suspension of proceedings in the trial court once the appellate record is filed).

■ Even assuming the trial court's jurisdiction was reinstated by the return of the appellate record, which we do not decide, the entry of an order nunc pro tunc would have been improper. The failure to follow the express requirements of rule 21.8 is not a clerical error and cannot be corrected by an order nunc pro tunc. *See Taack v. McFall,* 661 S.W.2d 923, 924 (Tex.1983) (holding that failure to follow written order requirement in Texas. Rule of Civil Procedure 329b(c) is not clerical error); *see also Garza,* 931 S.W.2d at 562 (holding that criminal rule 31(e)(3) should be interpreted no differently from civil rule). Accordingly, we overrule appellee's cross-point.

In summary, because the trial court failed to sign a written order expressly granting appellee's motion for new trial within the time prescribed by rule 21.8(a), the trial court had no authority to conduct a new trial. The new trial wherein appellee pleaded no contest and received deferred adjudication community supervision is a nullity. We reverse the deferred adjudication order dated November 25, 1996. We reinstate the prior conviction and sentence.

---

**2.** We are aware that rule 33.1(a)(2)(A) recognizes that a trial court may rule on a motion implicitly. TEX.R.APP. P. 33.1(a)(2)(A). Rule 33.1, however, deals with preservation of error; it does not address the procedural predicate necessary for a new trial.