# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00706-CR

**Richard Mayorga, III, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT
### NO. CR99-057, HONORABLE JACK ROBISON, JUDGE PRESIDING

Appellant Richard Mayorga, III, pleaded guilty to engaging in deadly conduct as a member of a criminal street gang. *See* Tex. Penal Code Ann. § 71.02(a)(1) (West Supp. 2001); *see also id*. § 22.05(b)(2) (West 1994). The district court assessed punishment at imprisonment for ten years as called for in a plea bargain agreement. We will reverse and remand for a new trial.

After obtaining new counsel, appellant filed a motion for new trial complaining that he did not knowingly and voluntarily plead guilty because of ineffective assistance of trial counsel. Following a hearing, the court orally announced that it was granting the motion for new trial and made a written entry to that effect on its docket, but the court's ruling was never incorporated into

a written order. As a consequence, the motion was overruled by operation of law seventy-five days after sentence was imposed. *See* Tex. R. App. P. 21.8(c) (motion not timely ruled on by written order will be deemed denied); *see also State v. Garza*, 931 S.W.2d 560, 562 (Tex. Crim. App. 1996) (neither oral announcement nor docket entry constitutes "written order").

Appellant asked for and was given the district court's permission to appeal the overruling of his motion for new trial by operation of law. *See* Tex. R. App. P. 25.2(b)(3)(C). He asks this Court to grant him a new trial since that was clearly the intent of the district court. An appellate court may not retroactively suspend rule 21.8 to alter the course of events below. *Garza*, 931 S.W.2d at 563. We are not authorized to grant appellant's motion for new trial after it was overruled by operation of law. *Id*.

We believe, however, that the district court's permission to appeal the overruling of appellant's motion for new trial by operation of law authorizes us to review present counsel's responsibility for that result. The district court announced that it was granting the motion for new trial on August 17, 2000. Counsel's failure to prepare a written order for the judge's signature before October 2, when the motion was overruled by operation of law, was unreasonable under prevailing professional norms and such a serious error that he was not functioning effectively as counsel. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986) (adopting *Strickland*). The prejudice to appellant is obvious: but for counsel's deficient performance, his motion for new trial would have been granted. *See Strickland*, 466 U.S. at 689. If sufficiently egregious, a single error by counsel may constitute ineffective assistance. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

2

Having found that appellant's motion for new trial would have been granted but for counsel's ineffectiveness, we reverse the judgment of conviction and remand for a new trial.

_____

Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Reversed and Remanded

Filed:   June 7, 2001

Do Not Publish