NO. 07-05-0435-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



NOVEMBER 9, 2006


______________________________



THE STATE OF TEXAS, 



 Appellant


v.



ADNEY SADAKHOUNE, 



 Appellee

_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 49,107-E; HON. ABE LOPEZ, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

 The State of Texas appeals from an order granting Adney Sadakhoune a new trial. 
Through the three issues before us, it contends that the trial court abused its discretion in
so ordering. We reverse the order for reasons other than those propounded by the State.

 According to the record before us, the trial court adjudicated Sadakhoune's guilt and
sentenced him in open court on October 6, 2005. He timely moved for a new trial, and the
motion was heard on November 28, 2005. At the end of the hearing, the trial court agreed
to grant the motion. However, it did not sign a written order manifesting that decision until
February 8, 2006. 

 Neither an oral order nor a docket entry is effective to grant a motion for new trial. 
See Tex. R. App. P. 21.8(b); State v. Garza, 931 S.W.2d 560, 562 (Tex. Crim. App. 1996). 
Instead, a new trial may only be granted through the execution of a written order. State v.
Garza, 931 S.W.2d at 562. Moreover, once a motion for new trial is overruled by operation
of law, the trial court loses jurisdiction to act upon it. Id. Finally, a motion for new trial is
overruled by operation of law if it is not granted by written order within 75 days after
imposing or suspending sentence in open court. Tex. R. App. P. 21.8(a).

 Here, the record discloses that the trial court did not execute a written order granting
Sadakhoune's motion for new trial until February 8, 2006. Yet, it was previously overruled
by operation of law on December 20, 2005, for that date represents the 75th day from the
time Sadakhoune was sentenced in open court. So, because the motion was previously
overruled by operation of law, the trial court had no jurisdiction to grant it on February 8th,
despite its oral pronouncement at the November hearing. State v. Garza, supra. 

 Consequently, the order granting new trial is void, and we reverse it.


 Brian Quinn

 Chief Justice


Do not publish. 



aling from the two orders. 

 Appearing on appeal pro se, Marino presents three issues. Her first issue
challenges the validity of the November 8, 2001 decree of divorce; her second issue
challenges the July 1, 2002 order on Durham's motion for enforcement; and the third issue
challenges the July 1, 2002 order on Marino's motion for enforcement. 

ISSUE ONE: THE DECREE OF DIVORCE In a civil case, appeal is perfected by timely filing a notice of appeal. See Tex. R.
App. P. 25.1(a). (1) To be timely, notice of direct appeal must be filed within 30 days after the
judgment being appealed from is signed, with certain exceptions. TRAP 26.1. If a motion
for new trial is timely filed, the notice of appeal must be filed within 90 days after the
judgment is signed. TRAP 26.1(a). Once the time for perfecting an appeal has passed
without an appellant timely filing documents showing a bona fide intent to appeal, an
appellate court's jurisdiction can no longer be invoked and the appeal must be dismissed. 
See Verburgt v. Donner, 959 S.W.2d 615, 617 (Tex. 1997). 

 The divorce decree signed on November 8, 2001 disposed of all parties and issues. 
It was, therefore, a final order for purposes of appeal. See Lehmann v. Har-Con Corp., 39
S.W.3d 191, 200, 205-06 (Tex. 2001); Cherokee Water Co. v. Ross, 698 S.W.2d 363, 365
(Tex. 1985). Marino timely filed a motion for new trial as to the decree. Her only notice of
appeal, however, was filed on September 30, 2002. (2) The notice of appeal was not timely
to perfect appeal from the decree, and we do not have jurisdiction to consider the merits
of the appeal as to the decree. The appeal as to the November 8, 2001 decree of divorce
will be dismissed for want of jurisdiction. 

ISSUES TWO AND THREE: 

THE MOTIONS FOR ENFORCEMENT


 To be a final judgment from which an appeal may be taken, the judgment must
dispose of all parties and all issues in the case. See Lehmann, 39 S.W.3d at 200, 205. 
Whether a judicial decree constitutes a final judgment must be determined from its
language and the record in the case. Id. at 205-06. The inclusion of a Mother Hubbard
clause-the statement, "all relief not granted is denied," or essentially those words-is not
conclusive indication that a judgment is final for purposes of appeal. Id. at 203-04. If the
record reveals the existence of parties or claims not mentioned in the order, the order is not
final. Id. at 206. 

 Marino and Durham filed post-decree cross-motions under the original cause
number for enforcement of the divorce decree provisions. The motions were heard at the
same time, but were ruled upon via separate orders dated July 1, 2002. Under the
circumstances, we consider and construe the orders together. In doing so, it appears that
all parties and claims were mentioned in the orders, but we cannot discern whether the trial
court intended the two orders to dispose of all claims, including Marino's claims for recovery
of property and funds, damages, assault by Durham and partition of undivided property;
whether Marino's claims were intended to, in some manner, be severed; or whether the trial
court intended to dispose of all claims except Marino's referenced claims, which the trial
court intended to hear at another time. In other words, in reviewing the July 1st orders, we
cannot determine whether the trial court intended the orders, in combination, to be a final
disposition for purposes of appeal. See id. at 200, 206. 

 Accordingly we will abate that part of the appeal which challenges the trial court
orders of July 1, 2002 and will remand to the trial court for clarification as to whether those
orders were intended to dispose of all pending parties and claims. See id. at 206.

CONCLUSION AND ORDER

 That part of Marino's appeal which challenges the decree of divorce dated
November 8, 2001 is dismissed for want of jurisdiction. 

 We abate Marino's appeal from the orders dated July 1, 2002 and remand as to
those orders. The trial court is directed to give such notice to the parties and hold any
hearings necessary, and to enter an order clarifying whether the court intended its orders
dated July 1, 2002 to comprise a final disposition of all parties and claims. Absent request
by the trial court for an extension of time, the trial court is directed to cause any hearings
held to be transcribed and to cause the transcription of such hearings, if any, together with
the trial court's clarification order and any other papers or proceeding records the trial court
deems appropriate, to be included in a supplemental transcript and cause the supplemental
transcript to be filed with the appellate clerk no later than November 16, 2004.

 Per Curiam 
1. 
"" 
2.