NO. 07-05-0435-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 9, 2006
_____

THE STATE OF TEXAS,

Appellant

v.

ADNEY SADAKHOUNE,

Appellee
_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 49,107-E; HON. ABE LOPEZ, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

The State of Texas appeals from an order granting Adney Sadakhoune a new trial. Through the three issues before us, it contends that the trial court abused its discretion in so ordering. We reverse the order for reasons other than those propounded by the State.

According to the record before us, the trial court adjudicated Sadakhoune's guilt and sentenced him in open court on October 6, 2005. He timely moved for a new trial, and the motion was heard on November 28, 2005. At the end of the hearing, the trial court agreed

to grant the motion. However, it did not sign a written order manifesting that decision until February 8, 2006.

Neither an oral order nor a docket entry is effective to grant a motion for new trial. *See* TEX. R. APP. P. 21.8(b); *State v. Garza*, 931 S.W.2d 560, 562 (Tex. Crim. App. 1996). Instead, a new trial may only be granted through the execution of a written order. *State v. Garza,* 931 S.W.2d at 562. Moreover, once a motion for new trial is overruled by operation of law, the trial court loses jurisdiction to act upon it. *Id.* Finally, a motion for new trial is overruled by operation of law if it is not granted by written order within 75 days after imposing or suspending sentence in open court. TEX. R. APP. P. 21.8(a).

Here, the record discloses that the trial court did not execute a written order granting Sadakhoune's motion for new trial until February 8, 2006. Yet, it was previously overruled by operation of law on December 20, 2005, for that date represents the 75th day from the time Sadakhoune was sentenced in open court. So, because the motion was previously overruled by operation of law, the trial court had no jurisdiction to grant it on February 8th, despite its oral pronouncement at the November hearing. *State v. Garza*, *supra.*

Consequently, the order granting new trial is void, and we reverse it.


Brian Quinn
Chief Justice

Do not publish.