NO. 07-08-0034-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

FEBRUARY 13, 2008

______________________________

DIANE BROWNLEE AND BRANDON BROWNLEE, APPELLANT

V.

WALTER C. BROGAN, III, M.D.; W. CHUCK BROGAN, III, M.D., Ph.D, P.A.
D/B/A BROGAN HEART CENTER; LUBBOCK HEART HOSPITAL, L.P.;
DENISE RODELA, R.N. AND SHANA VINSON, R.N., APPELLEES
_________________________________


FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-539,760; HONORABLE WILLIAM C. SOWDER, JUDGE

_______________________________


Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
ON MOTION TO DISMISS
          Appellants Diane Brownlee and Brandon Brownlee filed a motion to dismiss their
appeal. While their motion contained a certificate of service it did not contain a certificate
of conference as required by Rule 10.1. Tex. R. App. P. 10.1(a)(5). We notified appellants
and appellees of this fact by letter of January 25, 2008, and therein explained that any
appellee wishing to file a response should do so within ten days of the letter. Having held
the motion for ten days with no response from an appellee we proceed to the merits of the
motion.
          As no decision of the Court has been delivered to date, we grant appellants’ motion
to dismiss the appeal. The appeal is dismissed. No motion for rehearing will be
entertained and our mandate will issue forthwith. See Tex. R. App. P. 42.1(a). The parties
have not presented an agreement for taxation of costs. Therefore costs are taxed against
appellants. Tex. R. App. P. 42.1(d).



                                                                           James T. Campbell

                                                                                      Justice









 A court of appeals may not use Rule 2 to suspend or enlarge appellate limits that
regulate the process of moving a case from trial to finality of conviction. Oldham v. State,
977 S.W.2d 354, 359 (Tex.Crim.App. 1998), cert. denied, 525 U.S. 1181, 119 S.Ct. 1121,
143 L.Ed.2d 116 (1999). Thus, use of the rule should be limited to instances where
suspension of a rule will facilitate the process of moving the case through the appellate
court. Id.

 When the time in which to rule on a motion for new trial has expired and the motion
has been overruled by operation of law, the trial court lacks authority to grant a motion for
new trial. State ex rel. Cobb v. Godfrey, 739 S.W.2d 47, 49 (Tex.Crim.App. 1987). The
rule is intended to provide finality of judgments when a motion for new trial is filed. Id. In
Cobb, the trial court had failed to sign a written order granting a motion for new trial until
after the motion had been overruled by operation of law, even though he had orally
granted the motion within the 75-day period. The court refused to suspend Rule of
Appellate Procedure 31(e)(3) (now Rule 21.8) because it was sought to remedy the trial
court's tardiness, which was not good cause. Id. 

 Appellant attempts to distinguish the facts in Cobb from those before us because
the delay was due to no fault of the trial court. Nevertheless, in State v. Garza, 931
S.W.2d 560, 563 (Tex.Crim.App. 1996), where a fact situation somewhat similar to Cobb
arose, the court held that "Rule 2(b) does not authorize the retroactive suspension of rules
governing events that have already occurred at the trial level before the record has been
conveyed to the appellate court." Id. (2) Thus, what must be shown by good cause is that
suspending a rule "will actually facilitate processing the case through the appellate court
by 'expediting a decision' or otherwise." Id. 

 The rules we are asked to suspend allow 75 days in which to rule on a motion for
new trial or motion in arrest of judgment. In these circumstances, there might have been
some way of expediting the preparation of the transcript in order to have it available to the
trial court so it could make a ruling within the prescribed time period. Nevertheless,
suspension of the rules in this instance will not expedite the progress of this case through
the appellate process. Thus, because appellant's motions were overruled by operation of
law at the trial court level before the record was conveyed to this court, we may not invoke
Rule 2 to excuse the absence of a timely written order ruling on the motions. See Jauregui
Partners, Ltd. v. Grubb & Ellis Commercial Real Estate Services, 960 S.W.2d 334, 337
(Tex.App.--Corpus Christi 1997, pet. denied). 

 Accordingly, appellant's motion is overruled.

 Per Curiam

Publish.

 

 

 

 
1. Judge Poe actually commenced a hearing on the motions on the last day permitted
under the rules, but recessed the hearing to allow himself time to review the trial transcript. 

2. The previous Rule 2(b) is substantially the same as Rule 2.