Affirmed and Memorandum Opinion filed March 4, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00437-CR

___________________

 

MALCOLM JAMAL ISLER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee



 



 

On
Appeal from the 338th District Court

Harris County,
Texas



Trial Court Cause No. 1138409

 



 

 

MEMORANDUM OPINION

Appellant was indicted for capital
murder.  A jury convicted him of the lesser-included offense of aggravated
robbery and assessed punishment at life in prison.  In a single issue,
appellant argues that the trial court erred in admitting evidence of canine
identification of scents to identify appellant.  We affirm.

Appellant and Richard Redd drove from Louisiana to
Houston to purchase marijuana from Travis Connor.  Connor did not have as much
marijuana as appellant and Redd wanted, so they went to the complainant to
provide the drugs.  As Redd and appellant drove to the meeting with the
complainant, they decided to steal the marijuana instead of purchasing it. 
Redd and appellant met the complainant in a vehicle where the complainant was
sitting in the front seat.  During the robbery Redd shot and killed the
complainant.  

When the complainant’s body was found, the Baytown
Police Department called Fort Bend County Sheriff’s Deputy Keith Pickett to
help search for suspects using his trained dogs.  Deputy Pickett testified that
he trained and used bloodhounds to track scents and had testified in several
cases involving scent identification.  An investigation led police officers to
believe that the complainant’s assailants had been in the vehicle with him. 
Deputy Pickett used a “scent pad” to collect dead skin cells from various
locations in the vehicle so that his dogs could trail any suspects.  The dogs
tracked the scent to the parking lot of an apartment complex where the vehicle
was parked, but were unable to identify any suspects at the scene.

After the police department arrested several suspects,
Deputy Pickett was asked to use his dogs to conduct a “scent line-up” to
identify the suspects.  Deputy Pickett conducted two scent line-ups — one with
a known scent sample from Redd, and one with a scent sample taken from the
passenger seat of Redd’s vehicle.  In each scent line-up, he placed the known
scent pad in one quart-size paint can, and placed “scent filler” pads in five
other cans.  He placed the cans 10 feet apart so the scents would not be mixed
by blowing wind.  The “scent fillers” were collected by Deputy Pickett from
individuals convicted in Fort Bend County.  The scent fillers are kept by
Deputy Pickett in plastic zip-top bags in which he testified that he did not
know how long the scent would last, but it “will last for an extended—long
period of time.”

Deputy Pickett sent three bloodhounds, one at a time,
to the paint cans containing the scents.  To conduct the first line-up, he kept
the dog 10 feet away from the six paint cans and permitted the dog to sniff the
scent pad taken from the front passenger seat of the complainant’s vehicle.  He
repeated this procedure with each dog.  During the first line-up, each dog
alerted on the known scent of Redd.  During the second line-up, Deputy Pickett
permitted each dog to sniff the scent pad taken from the right rear passenger
seat of the complainant’s vehicle.  Deputy Pickett first testified that each
dog alerted on a known scent sample of appellant during the second line-up. 
Deputy Pickett then explained that the “known scent sample” of appellant was
not taken from appellant’s body, but was taken from the passenger seat of the
vehicle in which Redd and appellant had driven to Houston.  At that time, the
prosecutor asked to approach the bench and stated to the court, “There’s a
thing that’s just not right about what’s being testified to and it needs to get
straight because the jury is being misled and it’s going to hurt [appellant].” 
Defense counsel agreed and the court broke for lunch.

After lunch, Deputy Pickett testified that the scent
of Redd matched that of the individual who was in the front passenger seat of
the complainant’s vehicle.  He further testified that the “known scent” of
appellant was not taken from his body, but was taken from the passenger seat of
Redd’s vehicle in which appellant had ridden to Houston.  Deputy Pickett,
however, continued to refer to the sample taken from the passenger seat of
Redd’s vehicle as the known sample of appellant.  Deputy Pickett concluded that
the same persons that were in Redd’s vehicle were also in the complainant’s
vehicle.  

Appellant did not object to any of Deputy Pickett’s
testimony.  He cross-examined Deputy Pickett on whether scents could mix if
more than one person sat in the same car.  He further clarified that Deputy
Pickett did not have a known scent sample from appellant.

On appeal, appellant contends that the trial court
erred in admitting evidence of a canine identification of scents to identify
appellant.  Appellant asks that this court abate the appeal for an evidentiary
hearing on the predicate for that evidence, or, in the alternative, reverse and
remand for a new trial.  Appellant, however, failed to preserve this issue for
review.

To preserve error for appellate review, a party must
make a timely and specific objection or motion at trial, and there must be an
adverse ruling by the trial court.  Tex. R. App. P. 33.1(a); Fuller v. State,
253 S.W.3d 220, 232 (Tex. Crim. App. 2008).  Failure to preserve error at trial
forfeits the later assertion of that error on appeal.  Ibarra v. State,
11 S.W.3d 189, 197 (Tex. Crim. App. 1999).  Most errors—even constitutional
errors—may be forfeited if the appellant fails to object.  Aldrich v. State,
104 S.W.3d 890, 894–95 (Tex. Crim. App. 2003).  The failure to object in a
timely and specific manner during trial forfeits complaints about the
admissibility of evidence.  See Fuller, 253 S.W.3d at 232 (finding
failure to object to qualifications of expert waived any error).  

Appellant contends that this court should recognize
an exception to preservation of error because the evidentiary basis for
challenging Pickett’s testimony was not “well-publicized at the time of the
Appellant’s trial.”  The purpose of requiring an objection at trial is to give
to the trial court or the opposing party the opportunity to correct the error
or remove the basis for the objection.  Martinez v. State, 22 S.W.3d
504, 507 (Tex. Crim. App. 2000).  “Although a trial judge, like an appellate
judge, may not be a trained scientist, the trial judge at least has both
parties and their witnesses before him.  He may ask questions of the expert
witnesses, request more information, ask for additional briefing, or seek clarification
concerning the scientific state of the art and reliable sources in the
particular field.”  Hernandez v. State, 116 S.W.3d 26, 31, n. 11 (Tex.
Crim. App. 2003).  While the issues regarding Deputy Pickett’s testimony were
not “well-publicized” until after appellant’s trial, the law and procedure
concerning admission of expert testimony has not changed since appellant’s
trial.  If a party seeks to challenge the reliability of expert testimony, he
must object in a timely manner.  Tex. R. App. P. 33.1; Vela v. State, 209
S.W.3d 128, 131 (Tex. Crim. App. 2006).

Appellant requests that we invoke Rule 2 of the Texas
Rules of Appellate Procedure, abate the appeal and remand to the trial court
for a hearing pursuant to Daubert v. Merrell Dow Pharmaceuticals, Inc.,
509 U.S. 579 (1993).  The Court of Criminal Appeals has held that Rule 2 does
not authorize the retroactive suspension of rules governing events that have
already occurred at the trial level before the record has been conveyed to the
appellate court.  State v. Garza, 931 S.W.2d 560, 563 (Tex. Crim. App.
1996).  The rule “does not authorize courts of appeals to reach back, after
appeal has been perfected and the record filed, and alter the course of events
at the trial court level[.]”  Id.  However, even if Rule 2 permitted
such a procedure, it does not obviate the requirement that appellant object at
trial and give the trial court an opportunity to rule on the objection.  See
Hernandez v. State, 53 S.W.3d 742, 745 (Tex. Crim. App. 2001).  Appellant’s
sole issue is overruled.

            The
judgment of the trial court is affirmed.

 

                                                                                    PER
CURIAM

 

 

 

Panel consists of Justices
Yates, Seymore, and Brown.

Do
Not Publish — Tex. R. App. P. 47.2(b).