**Opinion issued September 5, 2013**



**In The**

# Court of Appeals

**For The**

# First District of Texas

————————————

**NO. 01-12-00639-CR**

————————————

**ERNEST F. FLORES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from County Criminal Court at Law No. 10**
**Harris County, Texas**
**Trial Court Case No. 1794642**

---

**MEMORANDUM OPINION**

Appellant, Ernest F. Flores, was charged with unlawfully making a left turn while driving a motor vehicle.[1]  On appeal to the criminal county court at law, appellant pleaded *nolo contendere*, then filed a motion for new trial.  Trial was set,

---

[1]     *See* TEX. TRANSP. CODE ANN. § 545.101 (Vernon 2011).

and appellant was found guilty. In thirteen issues, appellant appeals trial court's conviction. The State moves to dismiss the appeal for lack of jurisdiction.

We dismiss for lack of jurisdiction.

## Background

Appellant pleaded not guilty in the municipal court to the offense of "improper left turn from wrong lane," a class C misdemeanor. He requested a jury trial and was found guilty. Appellant appealed to the County Criminal Court at Law Number 10. On March 22, 2012, appellant pleaded nolo contendere, and the trial court assessed a $10 fine. The trial court certified that the verdict was plea-bargained, and that appellant did not have a right to appeal. On April 2, 2012, ten days after his plea, appellant filed a motion for new trial. Appellant cited the reason for new trial as "lack of disclosure of exorbitant court costs and fees, related to the $10.00 fine." The case was reset for trial, though no formal order granting the new trial was signed. In a jury trial on June 12, 2012, appellant was found guilty and was assessed a $200 fine. Appellant filed a notice of appeal ten days later, and the trial court certified appellant's right of appeal.

## Jurisdiction

Appellant raises thirteen issues challenging his conviction from the county court at law. The State asserts that appellant's second trial was a nullity because the trial court did not issue a written order granting the motion for new trial. It

2

argues that, because the trial court did not issue a written order granting the motion for new trial within 75 days, appellant's motion for new trial was overruled as a matter of law, and the trial court's plenary power expired before the time of the second trial.

Ten days after the *nolo contendere* judgment was rendered, appellant filed a motion for a new trial. "The court must rule on a motion for new trial within 75 days after imposing or suspending sentence in open court." TEX. R. APP. P. 21.8(a). Ruling on a motion for new trial must be accomplished by written order; a docket entry does not constitute a written order. TEX. R. APP. P. 21.8(b). Simply proceeding to a jury trial is not a sufficient substitute for a written order granting a motion for a new trial. *State v. Garza,* 931 S.W.2d 560, 561–62 (Tex. Crim. App. 1996).

In *Garza,* the defendant filed a motion for a new trial after having been convicted of sexual assault. 931 S.W.2d at 561. A docket entry was made and the second trial was carried out, but no formal written order was signed. *Id*. Appellant was again convicted and received a harsher punishment. *Id.* On appeal, appellant argued that his second conviction should be nullified and the first reinstated because the trial court lost jurisdiction when it failed to sign a written order granting his motion for new trial within 75 days of rendering the original judgment. *Id.* The Court of Criminal Appeals agreed. *Id.* at 562. It held that, if a

written order was not issued before the court's plenary power expired, the motion was not granted, regardless of whether the new trial was carried out. *Id.*[2]

Here, appellant filed a motion for new trial on April 2, 2012, ten days after his plea-bargained judgment was handed down. The case was reset for trial, but no written order was signed granting the motion. Because the trial court did not issue a written order granting appellant's motion for a new trial within 75 days of its judgment, appellant's motion was overruled as a matter of law. Once a motion for new trial was overruled by operation of law, the trial court lost jurisdiction to rule upon it, and the second trial was a nullity. *See State ex. Rel. Cobb v. Godfrey,* 739 S.W.2d 47, 49 (Tex. Crim. App. 1987). Therefore, appellant's second conviction is void and the March 22, 2012 judgment remains in effect.

The trial court certified with the March 22 judgment that appellant did not have the right to appeal. Even if this were erroneous, appellant's notice of appeal is untimely as it relates to the March 22 judgment. *See* TEX. R. APP. P. 26.2(a)(2) (requiring notice of appeal to be filed within 90 days after sentence is suspended following filing of motion for new trial).

---

[2]     We have recognized the reasoning for the requirement of a written order to grant a motion for a new trial in civil cases. "The written, signed order setting the case for trial is not a substitute for a written, signed order granting a motion for new trial because the order setting the case for trial does not adjudicate the merits of the motion for new trial." *Estate of Townes v. Wood*, 934 S.W.2d 806, 807 (Tex. App.—Houston [1st Dist.] 1996, no writ). The same reasoning applies here. While there is a case reset document setting a date for trial, there is no signed order granting the motion on its merits.

4

We grant the State's motion to dismiss for lack of jurisdiction.

## Conclusion

We dismiss the appeal for lack of jurisdiction.


Laura Carter Higley
Justice

Panel consists of Justices Keyes, Higley, and Bland.

Do not publish.  TEX. R. APP. P. 47.2(b).