# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00303-CR

**Omar Terrell Nelson, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
### NO. 67615, THE HONORABLE JOE CARROLL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Omar Terrell Nelson pled guilty to aggravated sexual assault of a child, and the trial judge assessed his punishment at five years' imprisonment. In a single point of error on appeal, appellant complains that he received ineffective assistance of counsel at the punishment hearing. We affirm the trial court's judgment of conviction.

## DISCUSSION[1]

In an open plea to the court, appellant judicially confessed and pled guilty to the offense of aggravated sexual assault of a child. *See* Tex. Penal Code § 22.021. The trial judge withheld a finding of guilt, ordered a presentence investigation (PSI), and reset the case for

---

[1] As this is a memorandum opinion and the parties are familiar with the facts and procedural history of the case, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.1, 47.4.

sentencing. At the punishment hearing, both sides relied on the PSI report and declined to offer evidence. Citing appellant's impeccable military record, his misunderstanding about the victim's age, and the consensual nature of the offense, appellant's counsel argued that deferred-adjudication community supervision was an appropriate punishment. The State simply indicated that it left the punishment to the judge's discretion. The trial judge adjudicated appellant guilty and assessed his punishment at five years' confinement in the Texas Department of Criminal Justice, the minimum sentence for the offense. *See id.* § 12.32. In his sole point of error on appeal, appellant asserts that he was denied effective assistance of counsel because his attorney failed to call witnesses to testify on his behalf at the punishment hearing.

To establish ineffective assistance of counsel, an appellant must demonstrate by a preponderance of the evidence both deficient performance by counsel and prejudice suffered by the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012). Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. *Strickland*, 466 U.S. at 700; *Perez v. State*, 310 S.W.3d 890, 893 (Tex. Crim. App. 2010). Appellate review of counsel's representation is highly deferential; we must indulge a strong presumption that counsel's representation falls within the wide range of reasonable professional assistance—that is, we must presume that trial counsel's actions or inaction and decisions were reasonably professional and motivated by sound trial strategy. *Strickland*, 466 U.S. at 686; *see Frangias v. State*, 392 S.W.3d 642, 653 (Tex. Crim. App. 2013). To rebut that presumption, a claim of ineffective assistance must be "firmly founded in the record" and "the record must affirmatively demonstrate" the meritorious nature of the claim. *See Menefield*,

363 S.W.3d at 592 (citing *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005));

*Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). "[U]nless there is a record sufficient to demonstrate that counsel's conduct was not the product of an informed strategic or tactical decision, a reviewing court should presume that trial counsel's performance was constitutionally adequate 'unless the challenged conduct was so outrageous that no competent attorney would have engaged in it.'" *Frangias*, 392 S.W.3d at 653 (quoting *Goodspeed*, 187 S.W.3d at 392) (internal quotation marks omitted).

The "failure to call witnesses at the guilt-innocence and punishment stages is irrelevant absent a showing that such witnesses were available and appellant would benefit from their testimony." *Perez*, 310 S.W.3d at 894 (quoting *King v. State*, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983)). Accordingly, a claim of ineffective assistance of counsel based on counsel's failure to call witnesses fails in the absence of a showing that such witnesses were available to testify and that the defendant would have benefitted from their testimony. *Ex parte White*, 160 S.W.3d 46, 52 (Tex. Crim. App. 2004).

In his brief, appellant asserts that he was harmed by his trial counsel's failure to call "available witnesses" to testify about (1) the family support he would have had in order to successfully complete deferred-adjudication community supervision if granted, (2) appellant's conduct since the incident forming the basis of his conviction, and (3) additional information (beyond that provided in the PSI) about his military service. Appellant does not identify these "available witnesses" but only refers generally to "family members" and "witnesses who could testify [about his] military duties and service." However, it is apparent that in making his argument

3

appellant is relying on testimony adduced at a motion for new trial hearing held 82 days following imposition of his sentence. The evidence from that hearing is not properly in the record before us.

A motion for new trial must be filed no more than 30 days after the date the trial court imposes sentence. Tex. R. App. P. 21.4(a). An amended motion for new trial must be filed within 30 days after the imposition of sentence and before the trial court overrules any previously filed motion for new trial. Tex. R. App. P. 21.4(b). The trial court must rule on a motion for new trial within 75 days after imposing sentence. Tex. R. App. P. 21.8(a). If the trial court fails to rule by written order within 75 days of imposition of sentence, a motion for new trial is overruled by operation of law. Tex. R. App. P. 21.8(c). Once a motion for new trial is overruled by operation of law, the trial court is without jurisdiction to rule on the motion. *State v. Garza*, 931 S.W.2d 560, 562 (Tex. Crim. App. 1996). A hearing held after the trial court has lost jurisdiction to rule on the motion is not authorized, and therefore, will not be considered on appeal. *Parmer v. State*, 38 S.W.3d 661, 667 (Tex. App.—Austin 2000, pet. ref'd).

In the instant case, the trial court imposed appellant's sentence on January 18, 2012. Appellant filed a motion for new trial on February 10, 2012, 23 days following imposition of sentence. Thereafter, on April 5, 2012, 78 days after imposition of sentence, appellant filed his amended motion for new trial. This motion was untimely in two ways. First, it was not filed within 30 days after appellant was sentenced. *See Klapesky v. State*, 256 S.W.3d 442, 454–55 (Tex. App.—Austin 2008, pet. ref'd) (defendant may amend motion for new trial before it is acted on as long as it is amended within 30 days of sentencing date) (citing Tex. R. App. P. 21.4(b)). Second, it was filed after the motion for new trial had been overruled by operation of law on April 3, 2012,

the 76th day after the date appellant's sentence was imposed.  *See* Tex. R. App. P. 21.8(c); *State v. Moore*, 225 S.W.3d 556, 568–69 (Tex. Crim. App. 2007).  Thus, there was no pending motion to amend.  Nevertheless, the trial court held a hearing on appellant's motion for new trial and amended motion for new trial on April 9, 2012, 82 days following imposition of sentence.  However, because appellant's motion for new trial had already been overruled by operation of law, the trial court lacked jurisdiction to hold a hearing on appellant's motion for new trial or amended motion for new trial.  Accordingly, we cannot consider the facts developed at that hearing.

Because we may not consider the evidence adduced at the untimely hearing, the record does not contain any evidence to support appellant's contention that his counsel failed to call witnesses that would have provided favorable testimony.  Further, the record lacks any explanation from trial counsel of why he did not present witness testimony at the punishment hearing.  Absent evidence on these issues, appellant cannot meet his burden to show that counsel was ineffective in failing to call witnesses at the punishment hearing.  *See Strickland*, 466 U.S. at 690 (to succeed on claim of ineffective assistance of counsel appellant must show both deficient performance and prejudice to defense); *Menefield*, 363 S.W.3d at 592 (ineffective-assistance claim must be "firmly founded in the record" and "the record must affirmatively demonstrate" meritorious nature of claim); *see also Perez*, 310 S.W.3d at 894 (failure to call witnesses at punishment phase is irrelevant absent showing such witnesses were available and appellant would benefit from their testimony).  Accordingly, we overrule appellant's sole point of error.

## CLERICAL ERROR IN JUDGMENT

However, we observe that the trial court's judgment of conviction contains a clerical error. The judgment reflects that appellant was convicted of "Aggravated Sexual Assault" when in fact he was convicted of "Aggravated Sexual Assault of a Child." This Court has authority to modify incorrect judgments when the necessary information is available to do so. *See* Tex. R. App. P. 46.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Accordingly, we modify the judgment to include the omitted language and reflect that the "Offense for which Defendant Convicted" is "Aggravated Sexual Assault of a Child."

## CONCLUSION

Having overruled appellant's sole point of error, we modify the trial court's judgment of conviction as noted above and affirm the judgment as modified.

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Modified and, as Modified, Affirmed

Filed:   June 18, 2014

Do Not Publish

6