**Opinion issued May 5, 2026**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-24-00728-CR

## NO. 01-24-00729-CR

_____

**HECTOR MANUEL RODRIGUEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 240th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 22-DCR-099555A**
**Trial Court Case No. 24-DCR-107955**

## MEMORANDUM OPINION

Appellant Hector Manuel Rodriguez argues he was prevented from filing motions for new trial regarding punishment in two cases based on involuntary

waivers of his right to file motions for new trial. Appellant requests that we abate these appeals and remand the cases for the trial court to allow Appellant to file out-of-time motions for new trial. We reject this request and affirm the judgment.

## Background

In May 2022, the Fort Bend County Sheriff's Office investigated an alleged domestic violence incident involving Appellant and his wife. During the investigation, Appellant's stepdaughter, Abigail Tate,[1] told an investigator Appellant had sexually assaulted her on multiple occasions.

The State investigated and charged Appellant with continuous sexual abuse of a child under 14 years old in case number 22-DCR-099555A. Separately, the State charged him with aggravated sexual assault of a child in case number 24-DCR-107955. The State and Appellant reached plea agreements under which Appellant would plead guilty to aggravated sexual assault of a child in both cases. The plea agreements did not include recommendations from the State regarding punishment. Appellant contends the plea-agreement documents contain his written waivers of the right to file any motions for new trial in these cases.

The trial court entered orders accepting Appellant's pleas and signed certifications of his right to appeal, providing he has no right to appeal matters

---

[1] We use a pseudonym to refer to the victim to protect her privacy. *See* TEX. CONST. art. I, § 30(a)(1); TEX. CODE CRIM. PROC. art. 58.105.

related to guilt but may appeal matters related to punishment. The trial court then held a punishment hearing for both cases.

Tate testified Appellant sexually abused her on several occasions over several months. Appellant testified he has mental-health issues associated with military combat service and has been designated as one-hundred-percent disabled. A presentence investigation report corroborated this testimony. Appellant explained these issues cause lapses in his memory and that he has been receiving treatment for them. He stated he does not remember sexually abusing Tate but has no reason to believe she is lying. Appellant expressed remorse for the abuse and asked for leniency. The defense did not call other witnesses and did not introduce Appellant's medical records.

During closing, the State requested the trial court assess punishment at 40 years' confinement. The trial court sentenced Appellant to 30 years' confinement in each case, to run concurrently.

After pronouncing the sentences, the trial court signed second certifications of Appellant's right to appeal, again providing he has no right to appeal matters related to guilt but may appeal matters related to punishment. The trial court signed final judgments in both cases.

Appellant's trial counsel did not file a motion for new trial, a motion to withdraw, or a notice of appeal. Appellant filed a pro se motion for appellate

counsel and notice of appeal regarding punishment in each case, complaining that his trial counsel had abandoned him. The trial court appointed appellate counsel for Appellant and these appeals followed.

**Analysis**

Appellant raises two issues supporting his request for abatement of the appeals and remand for him to file out-of-time motions for new trial: (1) his waivers of the right to file motions for new trial were invalid, and (2) in the motions for new trial, he will argue trial counsel was ineffective for not presenting additional evidence regarding Appellant's mental-health issues during punishment. But even assuming Appellant signed invalid waivers of the right to file motions for new trial, we conclude he is not entitled to the relief sought.

Appellant asks that we order the trial court to allow out-of-time motions for new trial by suspending the deadline for such motions pursuant to Texas Rule of Appellate Procedure 2. *See* TEX. R. APP. P. 2 (appellate court may suspend a rule's operation in certain circumstances); TEX. R. APP. P. 21.4(a) (deadline to file motion for new trial is 30th day after sentence suspended or imposed in open court). But the "Court of Criminal Appeals has instructed intermediate appellate courts not to allow defendants to file out-of-time motions for new trial 'absent truly extraordinary circumstances'" and has explained Rule 2 "'does not authorize courts of appeals to reach back, after the appeal has been perfected and the record

4

filed, and alter the course of events at the trial court level.'" *Laws v. State*, 693 S.W.3d 718, 726 (Tex. App.—Houston [14th Dist.] 2024, pet. ref'd) (quoting *Oldham v. State*, 977 S.W.2d 354, 360 (Tex. Crim. App. 1998), and *State v. Garza*, 931 S.W.2d 560, 563 (Tex. Crim. App. 1996)). Additionally, trial counsel's alleged ineffectiveness "can be raised in a post-conviction writ of habeas corpus, which is the preferred vehicle for raising a complaint regarding trial counsel's performance." *Id.* at 727.[2]

Because Appellant may challenge the effectiveness of counsel in a post-conviction writ of habeas corpus, we conclude this case does not present "truly extraordinary circumstances" in which we should use Rule 2 to "alter the course of events at the trial court level." *Id.* at 726; *see also Washington v. State*, No. 01-11-00093-CR, 2013 WL 5604715, at *6 & n.1 (Tex. App.—Houston [1st Dist.] Oct. 10, 2013, pet. ref'd) (mem. op.; not designated for publication) (declining to abate appeal to allow out-of-time motion for new trial and noting defendant may develop record regarding ineffective assistance of counsel in habeas corpus proceedings).[3]

---

[2]  We also note the Texas Code of Criminal Procedure "entitles an indigent habeas applicant to appointed post-conviction counsel whenever the court concludes that the interests of justice require representation." *Laws*, 693 S.W.3d at 727 (citing TEX. CODE CRIM. PROC. art. 1.051(d)(3)).

[3]  Additionally, at least one court has suggested a defendant who believes his waiver of a motion for new trial is invalid should raise that issue in a motion for new trial. *See Johnson v. State*, No. 06-08-00012-CR, 2008 WL 11395458, at *2 n.1 (Tex. App.—Texarkana Sept. 5, 2008, no pet.) (mem. op.) ("If the joint waiver of new trial and appeal was truly involuntary, as Johnson now contends on appeal, we see

5

We reject Appellant's request for an abatement without ruling on whether he signed an invalid waiver of his right to file a motion for new trial.

## Conclusion

We affirm the judgment of the trial court.


Andrew Johnson
Justice

Panel consists of Justices Rivas-Molloy, Johnson, and Dokupil.

Do not publish.  TEX. R. APP. P. 47.2(b).

---

no reason why he would not have filed a motion for new trial and sought a hearing in the trial court on that motion, despite having otherwise waived that right.").