

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00047-CR

**IN RE** Michael **MCCRUM**

Original Mandamus Proceeding[1]

Opinion by:     Catherine Stone, Chief Justice

Sitting:         Catherine Stone, Chief Justice
                  Marialyn Barnard, Justice
                  Rebeca C. Martinez, Justice

Delivered and Filed: February 26, 2014

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

On January 17, 2014, relator Michael McCrum filed a petition for writ of mandamus asserting the trial court lacked jurisdiction to issue an order to show cause after its plenary power had expired. Because we conclude the order complained of was signed after the trial court lost jurisdiction over the underlying criminal proceeding, we conditionally grant mandamus relief.

### BACKGROUND

McCrum represented the defendant, Taylor Rosenbusch, in the underlying criminal case filed in Bexar County, Texas in 2011. Rosenbusch pled guilty to a single count of intoxication manslaughter in each of two separate cases and elected to have a jury assess punishment for each offense. A consolidated jury trial on punishment only commenced in October 2013.

---

[1] This proceeding arises out of Cause Nos. 2011CR11074 and 2011CR11075, styled *The State of Texas v. Taylor Rosenbusch*, pending in the 226th Judicial District Court, Bexar County, Texas, the Honorable Dick Alcala presiding.

Melanie Little, the defendant's chemical dependency counselor, testified as a defense witness on October 16. At the end of her testimony, Little was ordered to produce to the prosecutor records she had used to refresh her recollection prior to testifying. After reviewing those records overnight, the State attempted to recall Little the following afternoon, but she failed to appear in court. Both sides rested and closed their cases. On October 18, the State asked to re-open its case to allow Little, who was then present in court, to testify on recall. The court denied the State's request to re-open the evidence. The jury returned its verdict and the trial court sentenced Rosenbusch on October 18, 2013, to twelve years' confinement in each case with the terms to run consecutively.

Rosenbusch filed a motion for reconsideration and new trial on punishment only on November 15, 2013.[2] On December 4, the State filed an "Advisory to the Court," alleging that McCrum had deliberately caused Little to absent herself from the court and evade the State's attempts to contact her prior to the close of evidence. The State asserted that McCrum's conduct constituted a violation of the Texas Disciplinary Rules of Professional Conduct, which the prosecutor believed he had a duty to report. Attached as an exhibit to the Advisory was Little's sworn statement, dated October 18, 2013, regarding the circumstances and events surrounding the two days following her testimony. The State did not request any relief from the trial court in its Advisory, and no hearing was requested or set.

On January 7, 2014, at the request of the trial judge, the State filed a Motion for Finding of Contempt, seeking an evidentiary hearing and the imposition of sanctions against McCrum for his conduct with respect to Little. That same day the trial court signed an Order to Show Cause setting a hearing on the State's contempt motion for January 17, 2014. On the date of the hearing, McCrum

---

[2] The trial court did not rule on the motion for new trial within seventy-five days of imposing Rosenbusch's sentence. Accordingly, the motion was deemed denied by operation of law on January 2, 2014. *See* Tex. R. App. P. 21.8(a), (c).

filed a motion to dismiss for lack of jurisdiction, which the trial court denied. McCrum initiated this original proceeding asserting the trial court lacked any jurisdiction to entertain the State's motion for contempt or to sign an order to show cause after the expiration of plenary power.

## ANALYSIS

Mandamus provides extraordinary relief and is available in a criminal case only if the act sought to be compelled is ministerial rather than discretionary, and the party has no adequate remedy by appeal. *Dickens v. Court of Appeals for the Second Supreme Judicial Dist. of Tex.*, 727 S.W.2d 542, 548 (Tex. Crim. App. 1987) (en banc). Mandamus is proper where a trial court has issued an order beyond its jurisdiction. *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per curiam); *State ex rel. Cobb v. Godfrey*, 739 S.W.2d 47, 49 (Tex. Crim. App. 1987) (en banc) (issuing mandamus where district judge entered order outside of the period for ruling on a party's motion for new trial). Where the trial court has issued a void order, a relator need not show he lacks an adequate remedy by appeal, and mandamus relief is appropriate. *Sw. Bell Tel. Co.*, 35 S.W.3d at 605 (citing *In re Dickason*, 987 S.W.2d 570, 571 (Tex. 1998) (per curiam)); *see also Godfrey*, 739 S.W.2d at 49; *State ex rel. Thomas v. Banner*, 724 S.W.2d 81, 83 (Tex. Crim. App. 1987) (en banc) (trial court has ministerial duty to vacate order entered without authority).

The trial court entered a judgment of conviction and sentenced Rosenbusch on October 18, 2013. Ordinarily, that judgment would become final at the expiration of thirty days. *See* TEX. R. APP. P. 21.4, 26.2. In this instance, because Rosenbusch timely filed a motion for new trial within that thirty day period, the trial court had seventy-five days from the date of sentencing to rule on Rosenbusch's motion for new trial. *See* TEX. R. APP. P. 21.8(a). When no written order was made prior to the expiration of seventy-five days, the motion was deemed denied by operation of law.

*See* TEX. R. APP. P. 21.8(c); *Godfrey*, 739 S.W.2d at 49. Accordingly, on January 2, 2014, the trial court's judgment of conviction became final and the trial court lost plenary jurisdiction.

A trial court's authority to consider a motion for sanctions is limited by the court's period of plenary jurisdiction. *See Scott & White Mem'l Hosp. v. Schexnider*, 940 S.W.2d 594, 596 (Tex. 1996) (per curiam). After plenary jurisdiction has expired, a trial court is without authority to sanction counsel for pre-judgment conduct. *Id.*; *see also In re Bennett*, 960 S.W.2d 35, 38 (Tex. 1997) (orig. proceeding) (per curiam). Here, the State's motion for finding of contempt asked the court to sanction McCrum for conduct which allegedly occurred prior to the court's judgment of conviction. As evidenced by Melanie Little's statement submitted with the State's motion for contempt, the State was aware of McCrum's alleged conduct as early as October 18. The State did not file its motion for contempt until January 7, five days after the trial court's plenary power expired.

The State acknowledges that the trial court's jurisdiction over the underlying case expired on January 2, when the motion for new trial was overruled by operation of law, but contends the trial court's jurisdiction to entertain the motion for contempt derives from its inherent authority to discipline attorneys. The State cites to a number of cases in support of its position which we find to be inapposite. The court's inherent power to discipline an attorney, which it may call upon in the exercise of its jurisdiction, gives the court authority to find a person in contempt and impose sanctions on its own motion in an appropriate case. *Bennett*, 960 S.W.2d at 40. However, "[a] trial court's invocation of its inherent powers does not confer jurisdiction where none exists in the first instance." *In re Tex. Dep't. of Family & Protective Servs.*, 415 S.W.3d 522, 529 (Tex. App.— Houston [1st Dist.] 2013, orig. proceeding).

There are limited circumstances in which a trial court may act long after a final judgment has been signed, none of which exist in the present case. *See, e.g., In re Long,* 984 S.W.2d 623,

625-26 (Tex. 1999) (orig. proceeding) (per curiam) (acknowledging trial court's authority to enforce its own injunction by contempt); *Smith v. O'Neill*, 813 S.W.2d 501, 502 (Tex. 1991) (orig. proceeding) (per curiam) (discussing trial court's jurisdiction to modify judgments granting permanent injunctions upon a showing of changed conditions); *Hutchings v. Biery*, 723 S.W.2d 347, 349 (Tex. App.—San Antonio 1987, orig. proceeding) (acknowledging continuing jurisdiction of Texas courts over proceedings affecting the parent-child relationship as provided by statute). We find no case which stands for the proposition that a court's inherent authority confers jurisdiction to act once a trial court's plenary power has expired.

There is no dispute that the order to show cause was signed five days after the trial court lost plenary jurisdiction in this case. Because we find no other basis for the trial court's jurisdiction to enter the order to show cause after the expiration of plenary jurisdiction, the order is void and the district court had a ministerial duty to vacate it. *Godfrey*, 739 S.W.2d at 49; *Banner*, 724 S.W.2d at 83.

## CONCLUSION

The State's motion for contempt was not filed until January 7, after the trial court lost plenary jurisdiction.[3] The order to show cause and setting the State's motion for hearing was similarly signed after the trial court lost plenary jurisdiction. Because we find no other basis for the trial court's exercise of jurisdiction in this instance, we conclude the order to show cause is void. *Sw. Bell Tel. Co.*, 35 S.W.3d at 605. Because the order is void, the trial court had a ministerial

---

[3] In civil cases, a motion for sanctions may further extend the trial court's plenary jurisdiction if it seeks to modify an existing judgment. *See* TEX. R. CIV. P. 329b. "If a motion for new trial is timely filed by any party, the trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment until thirty days after all such timely-filed motions are overruled. . . ." TEX. R. CIV. P. 329b(e); *see also Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 312 (Tex. 2000). There is no similar provision for criminal cases, and the Texas Court of Criminal Appeals has made it clear that Rule 329b does not apply to extend the trial court's jurisdiction in criminal proceedings beyond that provided by statute. *See Ex parte Donaldson*, 86 S.W.3d 231, 232-33 (Tex. Crim. App. 2002) (en banc) (per curiam). In addition, the motion for sanctions against McCrum did not seek to modify the existing judgment of conviction.

duty to vacate it and is without authority to conduct proceedings on the State's motion for contempt in the absence of jurisdiction. Accordingly, we conditionally grant mandamus relief. The writ will issue only if the trial court fails to vacate the order to show cause as directed.

Catherine Stone, Chief Justice

DO NOT PUBLISH