STATE ex rel. Jerry COBB, Relator,

v.

Honorable Hollis GODFREY,
Respondent.

No. 69852.

Court of Criminal Appeals of Texas,
En Banc.

Oct. 28, 1987.

Hal Jackson, L.A. Nelson, Denton, for relator.

Jerry Cobb, Dist. Atty., & Jim Crouch, Asst. Dist. Atty., Denton, for respondent.

Robert Huttash, State's Atty., Austin, for the State.

OPINION

CAMPBELL, Judge.

This is an original proceeding brought by the State by and through its District Attorney, Jerry Cobb, Relator, complaining of Judge Hollis Godfrey, Judge of County Court at Law Number Three of Denton County, Respondent.[1]

On December 23, 1986, defendant, Allen Scott Brown, was found guilty of the misdemeanor offense of criminal negligent homicide by a jury and was assessed punishment by the jury at one year confinement in the Denton County Jail, plus a fine of $2,000.00, with the term of incarceration and fine to be probated. The judgment of conviction and sentence was signed on December 23, 1986. Then, on January 21, 1987, the defendant filed a Motion for New Trial. On March 4, 1987, the defendant

1. We note that the State could have taken this original proceeding to the Court of Appeals, since this Court has concurrent jurisdiction with the Court of Appeals in matters of mandamus. *Dickens v. Court of Appeals for the Second Supreme Judicial District of Texas,* 727 S.W.2d 542, 548 (Tex.Cr.App.1987).

filed a First Amended Motion for New Trial, and the motion was heard. On that date respondent orally granted the motion, but did not sign the written order granting the new trial. The order was signed on March 13, 1987, the eightieth day after the judgment of conviction and sentence was signed.

Relator has filed this application contending that the order of March 13th is not valid, and requesting this Court to order respondent to dismiss the order, and to prohibit respondent from conducting a new trial in this cause. The relator argues that the respondent was without jurisdiction to grant a motion for new trial eighty days after sentence had been imposed, and five days after the motion for new trial had been overruled by operation of law. Respondent answers by arguing that he had plenary power and, therefore, the power to decide the motion outside the time limit. In the alternative, respondent asks us to suspend the rules and permit the granting of the motion after it had been overruled by operation of law. We agree with relator and will conditionally grant the relief requested.

■ This Court has authority to issue mandamus "in criminal matters," and as necessary to enforce its own jurisdiction and judgments. *Dickens,* 727 S.W.2d at 545; Tex. Const. art. V, § 5. "If a district judge enters an order for which he has no authority, mandamus will issue." *State ex rel. Holmes v. Denson,* 671 S.W.2d 896, 899 (Tex.Cr.App.1984).

■ To obtain relief through mandamus, a relator must meet both prongs of the traditional two-step test for issuance of mandamus. A relator must establish (1) that no other adequate remedy at law is available, and (2) that the act he seeks to compel is ministerial, not discretionary. *Dickens,* 727 S.W.2d at 548; *Berry v. Hughes,* 710 S.W.2d 600, 601 (Tex.Cr.App. 1986).

**2.** Senate Bill 762, 70th Leg., Reg.Sess. (1987), would allow the State the right to appeal in certain limited situations, including the granting of a new trial. This enabling legislation would

## I.

■ There is no question that relator lacks any other adequate remedy at law because the State currently cannot appeal an adverse ruling from the granting of a new trial.[2] *State ex rel. Curry v. Gray,* 726 S.W.2d 125, 127 (Tex.Cr.App.1987); Tex. Const. art. V, § 26; Art. 44.01, V.A.C. C.P. Thus, Relator has established the first requirement by virtue of his status as a representative of the State.

## II.

"An act is 'ministerial' if it constitutes a duty clearly fixed and required by law.... [A] 'ministerial' act is one which is accomplished without the exercise of discretion or judgment." *State ex rel. Curry v. Gray,* 726 S.W.2d at 128.

In *Garcia v. Dial,* 596 S.W.2d 524 (Tex. Cr.App.1980), the trial court had granted the defendant's motion to dismiss the indictment. The trial court later entered an order attempting to reinstate the indictment. This Court held that once the indictment was dismissed, the trial court lost jurisdiction over the cause and had no power to enter any further orders. In directing the trial court to set aside its order, we held "that the entry of such order of dismissal under these circumstances is strictly ministerial in nature." *Id.* at 529.

■ In the case before us, if the respondent did not have the authority to grant defendant's new trial after the motion had been overruled by operation of law, vacation of that order would be strictly ministerial in nature. *State ex rel Curry v. Gray,* 726 S.W.2d at 128.

Rules 31(e)(1) and (e)(3), of the Texas Rules of Appellate Procedure provide:

(1) Time to Rule. The court shall determine a motion for new trial within 75 days after the date sentence is imposed or suspended in open court.

\* \* \* \* \* \*

become effective only upon passage of Senate Joint Resolution 34, 70th Leg., Reg.Sess. (1987), which will be before the voters on November 3, 1987.

(3) Failure to Rule. A motion not timely determined *by written order signed by the judge shall* be considered overruled by operation of law upon expiration of the period of time prescribed in section (e)(1) of this rule.[3]

Because there was no "written order signed by the judge" extant within 75 days after the date sentence was imposed, the motion was overruled by operation of law.

"A 'new trial' is the rehearing of a criminal action after a finding or verdict of guilt has been set aside *upon motion of an accused....*" Tex.R.App.Proc. 30(a). Where the time in which to rule upon a motion for new trial has expired and the defendant's motion for new trial has been overruled by operation of law, the trial court lacks authority to subsequently grant a new trial. *Ex Parte Ybarra*, 629 S.W.2d 943 (Tex.Cr.App.1982); *Zaragosa v. State*, 588 S.W.2d 322 (Tex.Cr.App.1979). "Any action on the motion by the trial court after this time expired would have constituted a nullity." *Meek v. State*, 628 S.W.2d 543, 547 (Tex.Cr.App.1982); see *Garcia v. Dial*, 596 S.W.2d at 528. Because the time in which to rule on the defendant's motion had expired, the trial court's subsequent action on the motion must be characterized as granting the new trial sua sponte. *Ex Parte Ybarra*, 629 S.W.2d at 945. "And no authority exists for the court to grant a new trial on its own motion." *Dugard v. State*, 688 S.W.2d 524, 528 (Tex.Cr.App. 1985).

Respondent submits that "he held, or should hold, plenary and inherent power for a period of thirty (30) days subsequent to the expiration of the seventy-five (75) day time period in question," [Respondent's Response to Petition for Mandamus and Prohibition] and therefore, had the power to decide the motion for new trial outside the statutory time limit. Respondent asks us to apply Tex.R.Civ.P. 329b(e) to criminal cases. The Rules of Civil Procedure apply to "all actions of a *civil* nature." Tex.R. Civ.P. 2.

The Rules of Appellate Procedure clearly state the time limits for motions for new trial in criminal cases. Tex.R.App.Proc. 31(e)(3) mandates that a motion "not timely determined by written order signed by the judge *shall* be considered overruled by operation of law upon expiration of [75 days]."[4] This rule is quite explicit. The civil rules are inapplicable in this situation. We decline respondent's invitation to apply Rule 329b(e), supra.

Respondent requests, in the alternative, that this Court exercise its power under Tex.R.App.Proc. 2(b) and suspend the rules. Rule 2(b) provides as follows:

(b) Suspension of Rules in Criminal Matters. Except as otherwise provided in these rules, in the interest of expediting a decision or for other good cause shown, a court of appeals or the Court of Criminal Appeals may suspend requirements and provisions of any rule in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction. Provided, however, that nothing in this rule shall be construed to allow any court to suspend requirements or provisions of the Code of Criminal Procedure.

Suspension of rules of appellate procedure by this Court is a serious matter, not to be undertaken lightly. Rule 31(e), supra, serves the vital function of promoting certainty regarding the finality of a judgment, in a case in which a motion for new trial has been filed. Under Rule 31(e)(3), respondent lost jurisdiction to rule on the motion when it was overruled by operation of law. Respondent has failed to show good cause why this Court should suspend this rule, other than to remedy his own tardiness. For these reasons, we decline to suspend the rules pursuant to Rule 2(b), supra, as suggested by respondent.

**3.** All emphasis is mine, unless otherwise noted.

**4.** Former Article 40.09 § 12, V.A.C.C.P., provided the trial court with the power to grant a new trial up to thirty days after the due date for the State's brief on appeal. However, Article 40.09 § 12 was repealed, effective September 1, 1981, and has not been replaced by a similar grant of power.

Because the act Relator seeks to compel is ministerial in nature, Relator has met the second requirement for issuance of mandamus. See generally, *Garcia v. Dial*, supra.

### CONCLUSION

■ The trial court lacked authority to grant the defendant's motion for new trial after the motion had been overruled by operation of law, and such action was a nullity. Under the facts of this case, the trial court has the authority to do nothing other than vacate its order granting new trial. *Garcia v. Dial*, 596 S.W.2d at 529.

We conditionally grant the relief requested by Relator. If Respondent does not withdraw his order granting the motion for new trial, writ will issue.

TEAGUE and MILLER, JJ. dissent.

ONION, P.J. and DUNCAN, J. not participating.