The STATE of Texas, Appellant,

v.

Gustavo ZAVALA, Appellee.

No. 13–98–498–CR.

Court of Appeals of Texas,
Corpus Christi.

Aug. 10, 2000.

Rene Guerra, Dist. Atty., Theodore C. Hake, Asst. Criminal Dist. Atty., Edinburg, for appellant.

David Garcia, Law Offices of David Garcia, Edinburg, Mark Alexander, McAllen, for appellee.

Before Justices HINOJOSA, YAÑEZ, and RODRIGUEZ.

## OPINION

Opinion by Justice HINOJOSA.

At a trial presided over by Visiting Judge J.E. Blackburn, appellee, Gustavo Zavala, was found guilty of one count of sexual assault of a child and two counts of indecency with a child. At the punishment phase, presided over by Visiting Judge Benjamin Martinez, the jury found that appellant was a repeat offender and assessed his punishment at forty-five years imprisonment and a $10,000 fine for count one (sexual assault of a child) and twenty years imprisonment for each of the other two counts (indecency with a child). On May 4, 1998, Judge Martinez imposed the sentence in open court and signed the

judgment. Appellee then filed a motion for new trial, claiming the verdict was contrary to the law and the evidence. Visiting Judge John L. McKellips heard and granted the motion for new trial "in the interest of justice." The State now appeals this ruling.

By four issues, the State contends the trial court erred in granting the motion for new trial. Because appellee's motion for new trial was overruled by operation of law, and the trial court's order granting the motion is a nullity, we need not address the State's issues.

■ The State may appeal the granting of a motion for new trial. TEX.CODE CRIM. PROC. ANN. art. 44.01(a)(3) (Vernon Supp. 2000). A motion for new trial is overruled by operation of law if a written order is not entered by the seventy-fifth day after the trial court imposes sentence in open court. TEX.R.APP. P. 21.8(a), (c); *State ex rel Cobb v. Godfrey*, 739 S.W.2d 47, 49 (Tex.Crim.App.1987); *Preston v. State*, 667 S.W.2d 331, 335 n. 1 (Tex.App.—Corpus Christi 1984, no pet.). However, if the seventy-fifth day is a Saturday, Sunday, or legal holiday, the period is extended to the end of the next day that is not a Saturday, Sunday, or legal holiday. TEX.R.APP. P. 4.1(a); *see also Laidley v. State*, 966 S.W.2d 105, 107–08 (Tex.App.—Houston [1st Dist.] 1998, pet. ref'd) (where seventy-fifth day after imposition of sentence fell on Sunday, motion for new trial was overruled by operation of law at end of following day).

■ Neither an oral order nor a docket entry is effective to grant a motion for new trial. *See* TEX.R.APP. P. 21.8(b); *State v. Garza*, 931 S.W.2d 560, 562 (Tex.Crim. App.1996); *State v. Blanco*, 953 S.W.2d 799, 802 (Tex.App.—Corpus Christi 1997, pet. ref'd). After a motion for new trial in a criminal case is overruled, the court does not have an additional thirty-day period of plenary power to act on the motion. *Godfrey*, 739 S.W.2d at 49. An appellate court may not use appellate rule 2(b) (now TEX.

R.APP. P. 2) to suspend this rule. *Oldham v. State*, 977 S.W.2d 354, 358 (Tex.Crim. App.1998); *see also Garza*, 931 S.W.2d at 563–64 (holding appellate court did not err in declining to use appellate rule 2(b) to suspend appellate rule 31(e)(3) (now TEX. R.APP. P. 21.8(c)) to allow trial court's untimely granting of a new trial to become valid retroactively).

In the instant case, the record shows the trial court imposed sentence in open court on May 4, 1998. Appellee timely filed his motion for new trial on May 28, 1998. The seventy-fifth day after sentence was imposed fell on Saturday, July 18, 1998, and the motion for new trial was heard by the trial court on Monday, July 20, 1998. Although Judge McKellips orally granted the motion at the hearing on July 20, and the docket sheet reflects the motion was granted on that date, the written order granting the new trial was not signed until July 22, 1998.

■ Because the written order granting a new trial was not timely signed, we conclude appellee's motion for new trial was overruled by operation of law on July 20, 1998. We hold the trial court lacked authority to grant appellee's motion for new trial after the motion was overruled by operation of law. We further hold the trial court's order granting appellee's motion for new trial is a nullity. *See Godfrey*, 739 S.W.2d at 48–49 (although hearing was held within seventy-five days and trial court orally granted motion for new trial during that time period, written order granting new trial was a nullity because trial court did not sign order until eighty days after sentencing); *Garza*, 931 S.W.2d at 562 (oral order noted in written docket sheet entry prior to seventy-fifth day is not sufficient to prevent automatic overruling of motion for new trial).

The trial court's order granting appellee's motion for new trial is ordered vacated.