ACCEPTED
01-15-00472-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
9/24/2015 4:41:06 PM
CHRISTOPHER PRINE
CLERK

No. 01-15-00472-CR

In the

**Court of Appeals**

For the

**First District of Texas**

At Houston

——————◆——————

No. 1414552

In the 184th District Court

Of Harris County, Texas

——————◆——————

**ALFREDO LARA**

*Appellant*

V.

**THE STATE OF TEXAS**

*Appellee*

——————◆——————

STATE'S APPELLATE BRIEF

——————◆——————

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

9/24/2015 4:41:06 PM

CHRISTOPHER A. PRINE
Clerk

DEVON ANDERSON
District Attorney
Harris County, Texas

KATIE DAVIS
Assistant District Attorney
Harris County, Texas
State Bar Number: 24070242
davis_katie@dao.hctx.net

FARNAZ FAIAZ
Assistant District Attorney
Harris County, Texas

1201 Franklin Street, Suite 600
Houston, Texas 77002
Telephone: (713) 755-5826
Fax Number: (713) 755-5809

ORAL ARGUMENT WAIVED

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to TEX. R. APP. P. 9.4(g) and TEX. R. APP. P. 39.1, the State waives oral argument since the issues appear well-settled in Texas jurisprudence. But the State will present argument if this Court deems it necessary.

## IDENTIFICATION OF THE PARTIES

*Counsel for the State:*

**Devon Anderson**—District Attorney of Harris County

**Katie Davis**—Assistant District Attorney on appeal

**Farnaz Faiaz** — Assistant District Attorney at trial

*Appellant or Criminal Defendant:*

**Alfredo Lara**

*Counsel for Appellant:*

**Colin B. Amann**—Counsel on Appeal

**Kenneth Junck** —Counsel at trial

*Trial Judge:*

**Honorable Jan Krocker**—Presiding Judge of 184th District Court

# TABLE OF CONTENTS

Page

STATEMENT REGARDING ORAL ARGUMENT ..........................................................i

IDENTIFICATION OF THE PARTIES ......................................................................i

TABLE OF CONTENTS...........................................................................................ii

INDEX OF AUTHORITIES ...................................................................................iii

STATEMENT OF THE CASE .................................................................................1

STATEMENT OF FACTS ......................................................................................1

SUMMARY OF THE ARGUMENT..........................................................................3

REPLY TO APPELLANT'S FIRST AND SECOND POINTS OF ERROR.................. 3

    I.    The appellant waived any error regarding a denial of a hearing on his motion for new trial because he failed to object to the hearing date set by the trial court, a date the appellant himself had requested, which was outside of the period to rule on his motion. .......................................................................5

    II.   The appellant was not entitled to a hearing based on the allegations that trial counsel failed to investigate and present mitigating evidence during the punishment hearing in his motion for new trial. ................................................9

CONCLUSION ...................................................................................................15

CERTIFICATE OF SERVICE AND COMPLIANCE...............................................16

# INDEX OF AUTHORITIES

## CASES

*Baker v. State,*
   956 S.W.2d 19 (Tex. Crim. App. 1997) ........................................................ 6, 7

*Butler v. State,*
   6 S.W.3d 636 (Tex. App.—
   Houston [1st Dist.] 1999, pet. ref'd) ........................................................ 6

*Crowell v. State,*
   949 S.W.2d 37 (Tex. App.—
   San Antonio 1997, no pet.) ........................................................ 5, 7

*Johnson v. State,*
   925 S.W.2d 745 (Tex. App.—
   Fort Worth 1996, pet. ref'd) ........................................................ 5

*Jordan v. State,*
   883 S.W.2d 664 (Tex. Crim. App. 1994) ........................................................ 11, 12, 13

*King v. State,*
   29 S.W.3d 556 (Tex. Crim. App. 2000) ........................................................ 9, 14

*Mallet v. State,*
   65 S.W.3d 59 (Tex. Crim. App. 2001) ........................................................ 14

*Miniel v. State,*
   831 S.W.2d 310 (Tex. Crim. App. 1992) ........................................................ 10

*Mitchell v. State,*
   68 S.W.3d 640 (Tex. Crim. App. 2002) ........................................................ 10

*Oldham v. State,*
   977 S.W.2d 354 (Tex. Crim. App. 1998) ........................................................ 8

*Prystash v. State,*
   3 S.W.3d 522 (Tex. Crim. App. 1999) ........................................................ 8

*Reyes v. State,*
   849 S.W.3d 812 (Tex. Crim. App. 1993) ........................................................ 9

*Rodriguez v. State,*
   899 S.W.2d 658 (Tex. Crim. App. 1995) ........................................................ 11

*Ryan v. State*,
937 S.W.2d 93 (Tex. App.—
Beaumont 1996, pet. ref'd) ...............................................................5, 7

*Smith v. State*,
286 S.W.3d 333 (Tex. Crim. App. 2009)................................... 9, 10, 11, 13

*State ex rel. Cobb v. Godfrey*,
739 S.W.2d 47 (Tex. Crim. App. 1987) ..........................................8

*State v. Zavala*,
28 S.W.3d 658 (Tex. App.—
Corpus Christi 2000, pet. ref'd) .................................................8

*Stogiera v. State*,
191 S.W.3d 194 (Tex. App.—
San Antonio 2005, no pet.) .....................................................13

*Strickland v. Washington*,
466 U.S. 668 (1984) ............................................................. 10

*Wilkerson v. State*,
726 S.W.2d 542 (Tex. Crim. App. 1986),
cert. denied, 480 U.S. 940 (1987) ............................................ 10

## STATUTES

TEX. CODE CRIM. PROC. ANN
art. 57.02(h) (West Supp. 2014) .....................................................1

TEX. CODE CRIM. PROC. ANN.
art. 57.03 (West 2013) .............................................................2

TEX. CODE CRIM. PROC. ANN.
art. 57B.01 (4)(A) (West 2013).....................................................2

TEX. CODE CRIM. PROC. ANN
art. 57B.02(h) (West Supp. 2014) ..................................................1

TEX. CODE CRIM. PROC. ANN.
art. 57B.03(d) (West 2013)........................................................2

TEX. CODE CRIM. PROC. ANN
art. 57D.02(h) (West Supp. 2014) ..................................................2

Tex. Code Crim. Proc. Ann.
   art. 57D.03(d)  (West 2013) ..................................................................................... 2

Tex. Fam. Code Ann. § 71.004 (West 2013) ............................................................. 2


**RULES**

Tex. R. App. P. 4.1(a) ................................................................................................ 4

Tex. R. App. P. 4.1(b) .............................................................................................4, 5

Tex. R. App. P. 9.4(g) ................................................................................................ i

Tex. R. App. P. 21.4(a) .............................................................................................. 4

Tex. R. App. P. 21.8 ................................................................................................... 5

Tex. R. App. P. 21.8(a) .............................................................................................. 6

Tex. R. App. P. 21.8(c) .............................................................................................. 6

Tex. R. App. P. 33.1(a) .............................................................................................. 7

Tex. R. App. P. 38.1(i) ............................................................................................. 14

Tex. R. App. P. 39.1 ................................................................................................... i


**OTHER AUTHORITIES**

*Harris County Holidays*,
   HarrisCountyTx.Gov (Sept. 19, 2015),
   http://www.harriscountytx.gov/holidays.aspx .......................................................... 5

*Thanksgiving Day in United States*,
   TimeAndDate.Com (Sept. 18, 2015),
   http://www.timeanddate.com/holidays/us/thanksgiving-day ................................... 4

TO THE HONORABLE COURT OF APPEALS:

## STATEMENT OF THE CASE

The State charged the appellant with serious bodily injury to a child, and alleged two deadly weapon paragraphs (CR – 13).[1] The appellant pled guilty as charged in the indictment without a plea bargain, and he pled true to the deadly weapon paragraphs (CR – 19-31, 34-35; 2 RR 7). After a pre-sentence investigation (PSI) and punishment hearing on October 29, 2014, the trial court found the appellant guilty, found the deadly weapon paragraphs true, and sentenced the appellant to 40 years confinement in the Institutional Division of the Texas Department of Criminal Justice (CR – 34-35; 2 RR 73). The appellant filed a timely notice of appeal, and the trial court certified that he had the right to appeal (CR – 30, 53-55).

## STATEMENT OF FACTS

On June 2, 2012, the appellant called Amanda Hurt and told her that her six-month-old son, John,[2] fell out of the bed and was injured (2 RR 18). Hurt rushed to

---

[1] "CR" will be used to refer to the Clerk's Record and "RR" will be used to reference the reporter's record.

[2] A person who has access to or obtains the name, address, telephone number, or other identifying information of a victim younger than 17 years of age may not release or disclose the identifying information to any person who is not assisting in the investigation, prosecution, or defense of the case. TEX. CODE CRIM. PROC. ANN art. 57B.02(h) (West Supp. 2014) (requiring confidentiality of identifying information of family violence victims); TEX. CODE CRIM. PROC. ANN art. 57.02(h) (West Supp. 2014) (requiring confidentiality of identifying information of sexual assault victims);

the hospital to care for him (2 RR 11, 18). She and the appellant shared custody of John, and John had been in the appellant's care that day (2 RR 11-13, 17).

At the hospital, Hurt learned that John had suffered a brain injury (2 RR 19). She also learned that John had both recent and older injuries (2 RR 20). The doctors stated that John's injuries could not be explained by rolling off the bed, but the appellant stuck to his story (2 RR 20-23). Hurt learned that the doctors believed John could have been shaken (2 RR 21-22). The appellant eventually admitted that he had been frustrated and thrown John into his car seat four to five times (2 RR 24, 40, 45-46).

John stayed in the hospital for three weeks (2 RR 23). Because of his injuries John is developmentally behind other children his age, and he walks with a limp (2 RR 26, 33-34). Hurt takes John to the hospital every six months to drain a shunt that was placed in his brain (2 RR 25-26). She also takes John to physical and speech therapy once a week (2 RR 26).

---

TEX. CODE CRIM. PROC. ANN art. 57D.02(h) (West Supp. 2014) (requiring confidentiality of identifying information of human trafficking victims). The release or disclosure of such information to any person is a class C misdemeanor. TEX. CODE CRIM. PROC. ANN. art. 57.03 (West 2013); TEX. CODE CRIM. PROC. ANN. art. 57B.03(d) (West 2013); TEX. CODE CRIM. PROC. ANN. art. 57D.03(d) (West 2013). Under Article 57B.01, the term "victim" means a person who was the subject of an offense that allegedly constitutes family violence, as defined by Section 71.004 of the Texas Family Code. TEX. CODE CRIM. PROC. ANN. art. 57B.01 (4)(A) (West 2013); TEX. FAM. CODE ANN. § 71.004 (West 2013) (defining family violence as an act by a member of a family against another member of the family that is intended to result in physical harm, bodily injury, assault, or sexual assault). Therefore, the pseudonym "John" will be used for the victim in this case.

2

## SUMMARY OF THE ARGUMENT

The appellant challenges the trial court's failure to hold a hearing on his motion for new trial. But the appellant failed to preserve error by not objecting to the hearing date set by the trial court, a date the appellant himself had requested. Moreover, the appellant's motion was insufficient to grant relief based on his claim of trial counsel's ineffective investigation and presentation of mitigating evidence during the punishment hearing.

## REPLY TO APPELLANT'S FIRST AND SECOND POINTS OF ERROR

In the appellant's first point of error, he argues that the appeal should be abated for the trial court to conduct a hearing on his motion for new trial. (App'nt Brf. ii, 2). In the appellant's second point of error, he argues that the appellant was entitled to an evidentiary hearing regarding the allegation of trial counsel's failure to investigate and present mitigating evidence at the punishment hearing (App'nt Brf. ii, 2). Because these points of error address the same legal concepts, they will be addressed together.

In the punishment hearing, the State presented testimony from Hurt regarding John's injuries and prognosis (2 RR 10-30, 35-37). Both the State and the appellant admitted the PSI report into evidence that included information about the appellant's background, employment, his request for probation, and character reference letters on the appellant's behalf. *See* (Joint Ex. #1). Trial counsel for the

3

appellant cross-examined Hurt, specifically emphasizing to the court that Hurt would like the appellant to be placed on probation to be able to continue making child support payments (2 RR 30-37). Additionally, trial counsel presented the appellant's testimony and reference letters for the court's consideration (2 RR 7-8, 37-44). The appellant requested probation (2 RR 44, 61-62, 68-69). Although the trial court sympathized with Hurt's need for child support, she sentenced the appellant to 40 years in prison (2 RR 73).

After his conviction, the appellant filed a motion for a new trial, alleging that his trial counsel was ineffective for his failure to properly advise him about the consequences of his plea, failure to communicate any plea-bargains, and failure to conduct a thorough investigation into mitigating factors (CR – 37-39). The appellant timely presented his motion and further requested an evidentiary hearing on his motion (CR – 39).[3] The record indicates that the court did not

---

[3] It appears that the appellant timely filed his motion for new trial on December 1, 2014 (CR – 48-49). The appellant's sentence was imposed on October 29, 2014, which made any motion for new trial due on November 28, 2014 (CR – 34-35). *See* TEX. R. APP. P. 21.4(a). The appellant explained to the trial court that the courts were closed that day, the Friday after Thanksgiving (CR – 48). *See Thanksgiving Day in United States*, TIMEANDDATE.COM (Sept. 18, 2015), http://www.timeanddate.com/holidays/us/thanksgiving-day (noting that Thanksgiving 2014 fell on November 27). Thus, the appellant filed his motion for new trial on the following business day, December 1 (CR – 27, 48-49). *See* TEX. R. APP. P. 4.1(a) (noting that if the last day of a designated period falls on a legal holiday the period extends to the end of the next day that is not a Saturday, Sunday, or legal holiday); *see also* TEX. R. APP. P. 4.1(b)(noting that if the clerk's office is closed or inaccessible on the last day of a filing period, the period for filing is extended to the next day it is open and accessible). Although the appellant failed to provide any evidence that the courts were closed on November 28, based on the current list of holidays on the Harris County Clerk's website, it is likely that the courts were inaccessible on the Friday following Thanksgiving in 2014. *See Harris County Holidays*, HARRISCOUNTYTX.GOV (Sept. 19, 2015),

4

affirmatively overrule the motion for new trial, and it was overruled by operation of law (CR – 49). *See* TEX. R. APP. P. 21.8.

> I. **The appellant waived any error regarding a denial of a hearing on his motion for new trial because he failed to object to the hearing date set by the trial court, a date the appellant himself had requested, which was outside of the period to rule on his motion.**

The appellant requests that this Court abate the appeal for the trial court to conduct a hearing on his motion for new trial. (App'nt Brf. ii, 5, 19-20). But the appellant waived any error because he failed to object to the hearing date set by the trial court. "When a motion for new trial is presented to the trial court, the burden of ensuring that the hearing thereon is set for a date within the trial court's jurisdiction is properly placed on the party presenting the motion." *Crowell v. State*, 949 S.W.2d 37, 38 (Tex. App.—San Antonio 1997, no pet.); *see also Ryan v. State*, 937 S.W.2d 93, 97 (Tex. App.—Beaumont 1996, pet. ref'd) (holding it was incumbent upon the appellant to obtain a hearing prior to the 75-day deadline; noting that there was nothing in the record to indicate any efforts by the appellant to obtain a hearing prior to the deadline); *Johnson v. State*, 925 S.W.2d 745, 748 (Tex. App.—Fort Worth 1996, pet. ref'd) (holding that it was incumbent upon the appellant to develop some record before the expiration of the trial court's jurisdiction which demonstrated his efforts to reschedule a hearing on his motion for new trial).

---

http://www.harriscountytx.gov/holidays.aspx; *see also* TEX. R. APP. P. 4.1(b) (noting that the closing or inaccessibility of the clerk's office may be proved by certificate of the clerk or counsel, an affidavit or other satisfactory proof).

The record indicates that the appellant's sentence was imposed on October 29, 2014, which made any ruling on a motion for new trial due on or before January 12, 2015 (CR – 34-35). *See* TEX. R. APP. P. 21.8(a) ("The court must rule on a motion for new trial within 75 days after imposing or suspending sentence in open court."). The appellant presented his motion for new trial to the court coordinator on December 11, 2014 (CR – 51). *See Butler v. State*, 6 S.W.3d 636, 641 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd) (holding that presentation to the court coordinator satisfies the presentment requirement of giving actual notice to the trial court). The appellant requested a hearing date, and one was set for January 20, 2015 (CR – 45, 49).

The record reflects that the first time the trial court heard anything on the appellant's motion was on January 20, outside of the 75 days (CR – 46-52). *See* TEX. R. APP. P. 21.8(a). Therefore, the appellant's motion for new trial was overruled by operation of law (CR – 46-52, 57). *See* TEX. R. APP. P. 21.8(c) ("A motion not timely ruled on by written order will be deemed denied when the period prescribed in (a) expires."); *see also Baker v. State*, 956 S.W.2d 19, 25 (Tex. Crim. App. 1997) (noting that after the 75 days have passed after the sentence was imposed, the trial court lacked any authority to grant the motion).

The appellant argues that the January 20 hearing date was a "clerical error" or "an unfortunate error in the scheduling." (App'nt Brf. ii, 5, 19). But the appellant

failed to present any evidence to support this contention. Instead, the record reflects that the appellant admitted that scheduling the hearing outside of the allotted 75 days was his own error when he requested the hearing date from the court coordinator (CR – 45, 49). When explaining why the hearing date was set outside of the 75 days, he stated:

> As to – I – have the hearing must be conducted within 75 days and I have in my motion January 12. When I was reading that, discussing the hearing, I was – I was a little bit dyslexic. I read 21st. So when I read on the 20th, I figured that would be okay because it was within 75 days. So that's why it was set for the 20th, today, but that is not the case. So the time has expired. (CR – 49).

The appellant neither objected to the January 20 date nor tried to request an earlier date within the appropriate time period. There is no evidence that the date was input incorrectly. There is no evidence that he had in fact requested a date prior to January 12 and had been denied. There are no docket notations, motions, writs, hearing transcripts, or any other written indication that the appellant made any attempt before January 20 to hold the hearing within the required time period.

But whether it was a clerical or scheduling error, it was the appellant's responsibility as the proponent of the motion for new trial to schedule a hearing within the allotted time period. *See Crowell*, 949 S.W.2d at 38; *Ryan*, 937 S.W.2d at 97. Thus, any error is not preserved. *See Baker*, 956 S.W.2d at 24-25 (holding that by failing to object to the untimely setting, the appellant failed to preserve his complaint that the trial judge should have held a hearing); Tex. R. App. P. 33.1(a)

7

(requiring a complaint be made to the trial court by timely request, objection, or motion in order to preserve a complaint for appellate review); *see also Prystash v. State*, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999) (noting that under the "invited error" doctrine an appellant is estopped from complaining of the trial court's actions when he invited the error).

The appellant fails to provide any authority for why abatement would be required. The trial court lost its plenary power to act on the appellant's motion for new trial when it was overruled by operation of law. *State v. Zavala*, 28 S.W.3d 658, 659 (Tex. App.—Corpus Christi 2000, pet. ref'd) (citing *State ex rel. Cobb v. Godfrey*, 739 S.W.2d 47, 49 (Tex. Crim. App. 1987)). This is not a situation in which this Court can suspend the rules. *See Zavala*, 28 S.W.3d at 659 (holding that an appellate court may not suspend the rule that a motion for new trial be heard within 75 days, even when the court orally granted the new trial within the period but failed to sign the motion until two days outside of that period) (citing *Oldham v. State*, 977 S.W.2d 354, 358 (Tex. Crim. App. 1998)). Thus, because the appellant failed schedule a hearing on his motion for new trial within the 75 day period, any error is waived and the appellant's request for abatement should be denied. The appellant's first issue should be overruled.

II. **The appellant was not entitled to a hearing based on the allegations that trial counsel failed to investigate and present mitigating evidence during the punishment hearing in his motion for new trial.**

The purpose of a hearing on a motion for new trial is to (1) decide whether the cause should be retried and (2) prepare a record for presenting issues on appeal in the event the motion is denied. *Smith v. State*, 286 S.W.3d 333, 338 (Tex. Crim. App. 2009); *State v. Gonzalez*, 855 S.W.2d 692, 695 (Tex. Crim. App. 1993) . But the right to a hearing on a motion for new trial is not an absolute right. *Reyes v. State*, 849 S.W.3d 812, 815-16 (Tex. Crim. App. 1993). A hearing is only required when the appellant has raised matters that are not determinable from the record and established the existence of reasonable grounds showing that he could be entitled to relief. *Smith*, 286 S.W.3d at 339-40 (citing *Reyes*, 849 S.W.3d at 815-16). But to prevent fishing expeditions, courts require that the motion "must be supported by affidavit specifically showing the truth of the grounds of attack." *See King v. State*, 29 S.W.3d 556, 569 (Tex. Crim. App. 2000).

The appellant argues that trial counsel was ineffective during his punishment hearing for his failure to conduct a thorough investigation into mitigating evidence. (App'nt Brf. 4-5, 16-19).[4] A claim of ineffective assistance is

---

[4] Although the appellant provided other reasons that trial counsel was ineffective in his affidavit and his motion for new trial, on appeal he only focuses on trial counsel's failure to investigate mitigating factors that could have been presented in the PSI. (Appn't Brf. 16-19). The appellant's affidavit listed eight reasons why he believed his counsel was ineffective, and his motion for new

governed by the two-prong test set out in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to prove an ineffective assistance claim, the appellant must first show that the trial counsel's performance was deficient. *Id.* at 687; *see Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002). "Specifically [the appellant] must prove by a preponderance of the evidence, that the trial counsel's representation fell below the objective standard of professional norms." *Mitchell*, 68 S.W.3d at 642; *Smith*, 286 S.W.3d at 340. The appellant must also show that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. Prejudice is shown by the reasonable probability that but for his counsel's unprofessional errors, the result of the proceeding would have been different. *Mitchell*, 68 S.W.3d at 642.

In reviewing a claim of ineffective assistance, a reviewing court presumes that trial counsel was competent, and the appellant has the burden to rebut this presumption by proving that his attorney's representation was not sound strategy. *Miniel v. State*, 831 S.W.2d 310, 323 (Tex. Crim. App. 1992) (citing *Strickland*, 466 U.S. at 689). An appellate court looks to the totality of the representation, rather than isolated acts or omissions of trial counsel. *Wilkerson v. State*, 726 S.W.2d 542, 548 (Tex. Crim. App. 1986), *cert. denied*, 480 U.S. 940 (1987); *Rodriguez v. State*, 899

---

trial discussed six of those reasons (CR – 38, 41-42). And on appeal, the appellant only argues that four of those eight reasons were sufficient to require a hearing. (Appn't Brf. 16-19).

S.W.2d 658, 665 (Tex. Crim. App. 1995). Therefore, before the appellant is entitled to a hearing on his motion for new trial alleging ineffective assistance of counsel, he must allege sufficient facts from which a trial court could reasonably conclude both that counsel failed to act as a reasonably competent attorney and that, but for counsel's failure, there is a reasonable likelihood that the outcome of his trial would have been different. *Smith*, 286 S.W.3d at 340-41; *see also Jordan v. State*, 883 S.W.2d 664, 664-65 (Tex. Crim. App. 1994) (finding that the appellant's motion for new trial did not show deficiency or prejudice, and therefore failed to give notice that reasonable grounds existed to entitle him to relief).

The appellant argues that he was entitled to a hearing based on his specific complaints that: (1) trial counsel never reviewed the complainant's medical or CPS records with him, (2) trial counsel failed to advise him of his right to hire a medical expert, (3) trial counsel failed to inform the trial court about his completed anger management and parenting classes, and (4) trial counsel failed to inform the court about the results from his psychological evaluation and negative drug tests. (App'nt Brf. 16-18). But each of these allegations is either conclusory in nature or determinable from the record. *See Smith*, 286 S.W.3d at 339 (requiring, as a prerequisite to a hearing when the grounds in the motion for new trial are based on matters not already in the record, that the motion be supported by an affidavit, either of the defendant or someone else, specifically setting out the factual basis for

11

the claim); *Jordan*, 883 S.W.2d at 665 (finding a hearing was not required when the appellant's affidavit was conclusory and failed to show why his counsel was deficient or prejudiced him).

The appellant's assertion that trial counsel never advised him of his right to hire a medical expert fails to establish why trial counsel's investigation was deficient, or what further investigation would have revealed. The appellant asserts that a medical expert could have reviewed the complainant's medical records and presented a prognosis to the court. (App'nt Brf. 17). But no affidavit from a medical expert is provided to show what further inquiry into the records would have revealed, what an expert would have testified to, or how it may have contradicted Hurt's testimony. *See Jordan*, 883 S.W.2d at 665 (finding that a bare allegation that trial counsel failed to subpoena two names witnesses without indicating what they would have said to exculpate him was insufficient to require the court to have a hearing). Similarly, the appellant failed to establish what a review of the complainant's medical or CPS records with the appellant would have revealed. *See id.*

Whether trial counsel admitted evidence that he completed a parenting or anger management course, the results of his psychological evaluation, and evidence that he passed drug and alcohol tests were determinable from the record. *See id.* During the punishment hearing, trial counsel did not ask the appellant any

questions or admit any evidence regarding these issues. *See* (2 RR 37-44). Furthermore, the trial court indicated during the punishment hearing that she was not interested in information regarding parenting classes because she would not allow contact with children (2 RR 31). Regardless, the appellant failed to provide the results of these courses or evaluations in his motion for new trial as proof of their evidentiary value. *See Jordan*, 883 S.W.2d at 665; *cf. Stogiera v. State*, 191 S.W.3d 194, 198-201 (Tex. App.—San Antonio 2005, no pet.) (finding a hearing was required to determine trial counsel's effectiveness when the appellant presented affidavits from licensed clinical social workers and psychologists about the need for a psychological evaluation with his motion for new trial).

Moreover, the appellant failed to explain how these deficiencies would have changed the outcome of the case. *See Smith*, 286 S.W.3d at 345 (holding that trial court did not abuse its discretion in refusing to hold a hearing on a motion for new trial, where the appellant failed to explain how his counsel's allegedly unprofessional errors would have changed the outcome of the case). Although the State requested a lower sentence based on the need for child support, the trial court explained that she could not allow the appellant to "buy his way out" (2 RR 73). Therefore, the appellant's bare assertions regarding his failure to conduct a thorough investigation and present mitigating evidence fail to establish facts

entitling him to a hearing. And, as previously stated, he failed to request a hearing within the appropriate period. Thus, his second point of error should be overruled.

Finally, in the alternative to abatement, the appellant contends that this Court should remand the case to the trial court for a new punishment hearing. (App'nt Brf. 3, 20). But the appellant fails to provide any argument or authority to support this contention. *See* TEX. R. APP. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."). Without more, the appellant's bare assertions fail to establish that trial counsel rendered a deficient performance that harmed the appellant. *See King*, 29 S.W.3d at 569 (holding that trial court did not abuse its discretion in refusing to hold a hearing on a motion for new trial, where the affidavit, alleging ineffective assistance of counsel, was deficient for failing to specify supporting facts); *see also Mallet v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001) (noting a record on direct appeal cannot adequately reflect the motives behind trial counsel's actions). As previously stated, it was the appellant's responsibility to develop such a record. Thus, the appellant's request should be denied.

## CONCLUSION

It is respectfully submitted that all things are regular and the conviction should be affirmed.

DEVON ANDERSON
District Attorney
Harris County, Texas


/s/ *Katie Davis*

KATIE M. DAVIS
Assistant District Attorney
Harris County, Texas
1201 Franklin Street, Suite 600
Houston, Texas 77002
Telephone (713) 755-5826
Fax Number (713) 755-5809
Davis_Katie@dao.hctx.net
State Bar Number:  24070242

## CERTIFICATE OF SERVICE AND COMPLIANCE

This is to certify that: (a) the word count function of the computer program used to prepare this document reports that there are 3,744 words in it; and (b) a copy of the foregoing instrument will be served by efile.txcourts.gov to:

Colin B. Amann
1004 Prairie, Suite 300
Houston, TX 77002
713-652-2003/p
713-652-2002/f
colin@khalawyers.com

/s/ _Katie Davis_

**KATIE M. DAVIS**
Assistant District Attorney
Harris County, Texas
1201 Franklin Street, Suite 600
Houston, Texas 77002
Telephone (713) 755-5826
Fax Number (713) 755-5809
Davis_Katie@dao.hctx.net
State Bar Number:  24070242

Date:  September 24, 2015