**Opinion filed June 30, 2016**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-15-00005-CR & 11-15-00006-CR

_____

**JOSEPH TYRONE NICHOLS Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 350th District Court**
**Taylor County, Texas**
**Trial Court Cause Nos. 9080-D & 8999-D**

## M E M O R A N D U M   O P I N I O N

Appellant, Joseph Tyrone Nichols, pleaded guilty to two felony offenses, both of which occurred in a drug-free zone. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.134(c), (d) (West Supp. 2015). The first offense was for possession of methamphetamine, and the second was for possession with intent to deliver methamphetamine. *See id.* §§ 481.102(6), 481.112(a), (c), 481.115(a), (b) (West

2010).  The trial court found Appellant guilty and assessed his punishment at confinement for eight years in each case.  However, the trial court suspended Appellant's sentences and placed him on community supervision for eight years in each case.  Later, the State moved to revoke his community supervision.  At the revocation hearing, Appellant pleaded "true" to many of the violations that the State had alleged in the motions.  The trial court found those allegations, as well as two additional ones, to be "true."

The trial court revoked Appellant's community supervision, reduced his punishment to confinement for seven years in each case, and sentenced him accordingly.  In each appeal, Appellant challenges the trial court's failure to hold a hearing on his motion for new trial, in which he alleged ineffective assistance of counsel.  He argues that the denial of the motions without a hearing was an abuse of discretion.  Alternatively, he requests that we abate the appeals and remand the causes to the trial court for it to explain why it failed to hold a hearing on the motions for new trial.  We affirm.

## I. *Procedural History*

After the trial court entered the judgments by which it revoked Appellant's community supervision, Appellant filed a motion for new trial in each cause.  In the motions, Appellant raised issues related to ineffective assistance of counsel.  The day that the trial court was to hear the motions for new trial, Appellant, despite being represented by appointed counsel, filed a handwritten document in which he expressly waived his right to a hearing on his motion for new trial in both causes.  The record does not reflect that appointed counsel insisted on a hearing on the motions.  The trial court did not hold the hearing, and Appellant's motions for new trial were deemed denied by operation of law.  *See* TEX. R. APP. P. 21.8(a), (c).

## II. *Analysis*

We review a trial court's denial of a hearing on a motion for new trial under an abuse of discretion standard. *Smith v. State*, 286 S.W.3d 333, 339 (Tex. Crim. App. 2009). A hearing on a motion for new trial is not an absolute right. *Id.* A hearing is not required when the matters raised in the motion for new trial can be determined from the record. *Id.* In addition, a motion for new trial is deemed overruled by operation of law if a written order granting the motion for new trial is not entered by the seventy-fifth day after the trial court imposes sentence in open court. TEX. R. APP. P. 21.8(a), (c); *State ex rel. Cobb v. Godfrey*, 739 S.W.2d 47, 49 (Tex. Crim. App. 1987).

Appellant, throughout the course of these proceedings, requested new counsel multiple times. One request occurred on the day of the second setting on the motions for new trial. Prior counsel was permitted to withdraw, and new counsel was appointed to represent Appellant. On the day of the third setting, Appellant filed a handwritten note in which he waived his right to a hearing on his motions for new trial. The record does not reflect that Appellant's appointed counsel requested that the trial court disregard Appellant's waiver, demanded that the hearing go forward as scheduled, or asked that the hearing be continued.

We note from the record that the hearing was not held as scheduled and that the trial court may have accepted and honored Appellant's waiver of the hearing on the motion for new trial. *See generally Robinson v. State*, 240 S.W.3d 919 (Tex. Crim. App. 2007) (trial court may act on pro se motion even though defendant is represented by counsel). Moreover, because the trial court did not grant Appellant's motions for new trial before the seventy-fifth day, the motions were deemed denied by operation of law. Appellant received what he requested and never objected to the trial court's failure to hold a hearing. To the contrary, Appellant apprised the trial

3

court that he did not want a hearing. As a result, he has failed to preserve this issue for appeal. TEX. R. APP. P. 33.1(a); *see also Rozell v. State*, 176 S.W.3d 228, 231 (Tex. Crim. App. 2005) (where defendant does not make the trial court aware that he desires a hearing, nothing is preserved for appellate review).

But here, the issue extends beyond waiver and constitutes invited error. An Appellant may not claim as error an action that he induced. By his handwritten instrument, Appellant essentially asked the trial court to not hold a hearing—he obtained the relief that he sought. *See Prystash v. State*, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999) (party may not complain of trial court actions that party asked the trial court to take). As far as Appellant's complaint about hybrid representation is concerned, even if his filing of the waiver could be considered hybrid representation, that matter is committed to the trial court's discretion. There has been no complaint as to an abuse of that discretion. *See Scarbrough v. State*, 777 S.W.2d 83, 92 (Tex. Crim. App. 1989) (allowance of hybrid representation in the trial court is discretionary).

We overrule Appellant's sole issue in each cause.

III. *This Court's Ruling*

We affirm the judgments of the trial court.

MIKE WILLSON

JUSTICE

June 30, 2016

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

4