

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-18-00334-CR

———————————————

DUSTIN WADE HESTAND AKA DUSTIN W. HESTAND, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR13595

Before Gabriel, Pittman, and Birdwell, JJ.
Memorandum Opinion by Justice Gabriel

## MEMORANDUM OPINION

Appellant Dustin Wade Hestand appeals from his fifteen-year sentence arising from his conviction for possession of less than one gram of methamphetamine. In a single issue, he argues that the offense was invalidly enhanced to a second-degree felony based on an ineligible juvenile adjudication. Because Hestand did not preserve this issue for our review, we affirm the trial court's judgment.

Hestand was indicted for possession of less than one gram of methamphetamine, a state-jail felony. *See* Tex. Health & Safety Code Ann. § 481.115(a)–(b); Tex. Penal Code Ann. § 12.35(a). The indictment included two enhancement paragraphs, alleging that Hestand had been convicted of the felony offenses of possession of methamphetamine in 2013 and of the manufacture or delivery of a controlled substance in 2008. The indictment further contained three habitual-offender paragraphs, alleging that Hestand had been convicted of the felony offenses of bail jumping and possession of a controlled substance in 2008 and had been adjudicated as a juvenile of engaging in delinquent conduct for unauthorized use of a motor vehicle in 2001. Before trial, the State filed a notice that it intended to enhance the applicable punishment range from a state-jail felony to a second-degree felony by proving Hestand's 2013 possession conviction, his 2008 manufacture or delivery conviction, his 2008 bail-jumping conviction, his 2008 possession conviction, and his 2001 juvenile adjudication. *See* Tex. Penal Code Ann. § 12.425(b). *See generally Brooks v. State*, 957 S.W.2d 30, 33–34 (Tex. Crim. App. 1997) (recognizing State may

notify defendant of sentence-enhancement convictions in a notice filed at least ten days before trial and is not required to amend indictment).

A jury found Hestand guilty of the indicted offense. At the punishment trial, the State proceeded on two of the enhancements: the 2008 manufacture or delivery conviction and the 2008 bail-jumping conviction, both felony convictions. It also proceeded on one habitual-offender allegation: the 2001 juvenile adjudication for the delinquent conduct of unauthorized use of a motor vehicle. Hestand pleaded not true.

The State introduced the penitentiary packets proving the 2008 felony convictions and introduced evidence of the 2001 juvenile adjudication. Hestand objected to the evidence of the 2008 felony convictions, relying on "Rule 403" and the fact that they were "more than 10 years old and stale." He objected to the evidence of his 2001 juvenile adjudication on the grounds of "staleness" and the lack of a fingerprint comparison. The trial court overruled Hestand's objections and admitted the evidence. The State also introduced evidence that Hestand had been convicted of offenses involving controlled substances four other times between 2004 and 2015. The jury additionally heard, over Hestand's rule-403 objection, that Hestand had been convicted of assault involving family violence in 2016, misdemeanor theft in 2015, and violating a protective order in 2016. The jury charge on punishment included instructions regarding the 2008 convictions for manufacture or delivery of a controlled substance and bail jumping—the enhancement

3

allegations—and regarding the 2001 juvenile adjudication—the habitual-offender allegation; Hestand did not object to the jury charge.

The jury found the enhancement and habitual allegations true, enhancing the available punishment range to that of a second-degree felony, and assessed his sentence at fifteen years' confinement. *See* Tex. Penal Code Ann. § 12.33. Before the trial court orally pronounced sentence on June 21, 2018, Hestand's counsel voiced no objection to the imposition of the assessed sentence although given the opportunity to do so.

Hestand filed a pro se motion for new trial and argued that his sentence had been "illegally enhanced" through use of the juvenile adjudication, which was based on unauthorized use of a motor vehicle—a state-jail felony. *See* Tex. Penal Code Ann. § 31.07(b); *see also id.* § 12.425(b) (prohibiting use of state-jail felonies to enhance punishment range from that of a state-jail felony to a second-degree felony). The trial court held a nonevidentiary hearing on the motion on July 20, 2018, and orally denied it on the record. Because the trial court never entered a written order denying the motion, it was deemed denied on September 19, 2018—seventy-five days after sentence was imposed in open court. *See* Tex. R. App. P. 21.8(a), (c); *State v. Zavala*, 28 S.W.3d 658, 659 (Tex. App.—Corpus Christi 2000, pet. ref'd).

Hestand now appeals and argues that the State's "[u]se of a state jail felony (a juvenile adjudication) to enhance his sentence for a [state-jail] felony to a second[-]degree felony was invalid." The State argues that because Hestand failed "to alert the

4

trial court" that the juvenile adjudication could not be used to enhance his punishment range, he has failed to preserve this issue for our review. *See* Tex. R. App. P. 33.1.

The State fails to recognize that Hestand raised the issue in his pro se motion for new trial; however, waiting until a motion for new trial to raise an objection to a sentencing issue is untimely if there was an opportunity to object during the punishment hearing. *See Burt v. State*, 396 S.W.3d 574, 577 n.4 (Tex. Crim. App. 2013) (citing *Hardeman v. State*, 1 S.W.3d 689, 690 (Tex. Crim. App. 1999)); *see, e.g., Sanchez v. State*, 120 S.W.3d 359, 366–67 (Tex. Crim. App. 2003); *Franks v. State*, No. 07-18-00075-CR, 2019 WL 1349389, at *2 (Tex. App.—Amarillo Mar. 20, 2019, no pet. h.) (mem. op., not designated for publication); *Torres v. State*, 424 S.W.3d 245, 256 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd). Here, Hestand had multiple opportunities before trial and during the punishment phase to object to the enhancement and habitual-offender notices. The habitual-offender notice that Hestand specifically attacks here—the 2001 juvenile adjudication—was included in the indictment, the State's pretrial notice, the State's punishment evidence, and the jury charge on punishment. At no point did Hestand raise an objection to the propriety of enhancing his sentence with the 2001 juvenile adjudication. And although Hestand was given an opportunity to raise an objection to the jury-assessed sentence before it was imposed, he did not object on the basis that he asserts on appeal. The first time Hestand raised the issue he raises on appeal was in his pro se

motion for new trial. Under the facts presented here, that was too late for preservation purposes. *See Burt*, 396 S.W.3d at 577 & n.4; *Sanchez*, 120 S.W.3d at 366–67.

Because Hestand did not preserve any error in his sentence for our review, we overrule his sole issue and affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(a). We DENY court-appointed counsel's motion to withdraw, which he filed only at Hestand's insistence.[1] *See Miller v. State*, No. 02-18-00467-CR, 2019 WL 1179421, at *1 (Tex. App.—Fort Worth Mar. 14, 2019, no pet.) (per curiam mem. op., not designated for publication); *see also* Tex. R. App. P. 48.4. We also DENY Hestand's pro se motion to "recuse" his appellate counsel.

/s/ Lee Gabriel

Lee Gabriel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: April 25, 2019

---

[1]Hestand asked counsel to withdraw based on "improper authorities and lack of detail" in his appellate brief. We disagree with Hestand's attack on counsel's brief and note that Hestand does not have the right to appointed counsel of his choice. *See Perez v. State*, 261 S.W.3d 760, 766 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd). Because Hestand has not met his burden to show an adequate reason to appoint substitute counsel at this late stage of his appeal, he is required to accept appointed counsel. *See Hill v. State*, 686 S.W.2d 184, 187 (Tex. Crim. App. 1985); *Carroll v. State*, 176 S.W.3d 249, 256 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd).