

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-23-00121-CR

———————————————

THE STATE OF TEXAS

V.

FREDERICK LLOYD COLLIER, APPELLEE

---

On Appeal from County Criminal Court No. 5
Denton County, Texas
Trial Court No. CR-2021-04257-E

---

Before Kerr, Birdwell, and Womack, JJ.
Memorandum Opinion by Justice Kerr

# MEMORANDUM OPINION

A jury found Appellee Frederick Lloyd Collier guilty of misdemeanor indecent assault, and the trial court assessed his punishment at 365 days in jail, suspended for 24 months. *See* Tex. Penal Code Ann. § 22.012(a)(1), (b). Collier timely moved for a new trial, which the trial court granted 84 days after it had sentenced him. The State has appealed and raises two points: (1) the trial court could not grant Collier's new-trial motion more than 75 days after it had suspended Collier's sentence and (2) the trial court abused its discretion by granting Collier a new trial based on a *Brady* violation. Because the trial court lacked authority to grant Collier a new trial, we will reverse the trial court's order granting his new-trial motion and reinstate the trial court's judgment.

## I. Procedural Background

The trial court suspended Collier's sentence in open court on February 9, 2023. Collier timely moved for a new trial on February 23, 2023. *See* Tex. R. App. P. 21.4(a). The trial court heard Collier's new-trial motion on March 22, 2023. At the hearing's conclusion, the trial-court judge asked the parties for additional briefing and did not rule on the motion.

Because the trial court did not rule on the new-trial motion by written order within 75 days after it had suspended Collier's sentence, the motion was deemed denied on April 25, 2023. *See* Tex. R. App. P. 21.8. On May 4, 2023, the trial court held a second hearing on Collier's new-trial motion. Later that same day, the trial

court signed a written order granting the motion "based on a violation of *Brady v. Maryland*." Soon after, the State moved to vacate the new-trial order, arguing that (1) the trial court lacked jurisdiction to grant Collier's new-trial motion because its plenary power had expired and (2) the State did not commit a *Brady* violation. The trial court did not rule on the State's motion.

The State timely appealed from the trial court's new-trial order. *See* Tex. Code Crim. Proc. Ann. art. 44.01(a)(3); Tex. R. App. P. 26.2(b). Because the State's first point—whether the trial court had authority to grant Collier's new-trial motion—is dispositive, we address it and do not address the State's second point, which challenges the merits of Collier's new-trial motion. *See* Tex. R. App. P. 47.1.

## II. Applicable Law

Texas Rule of Appellate Procedure 21.8 requires a trial court to rule on a new-trial motion within 75 days after imposing or suspending sentence in open court. Tex. R. App. P. 21.8(a). If the trial court does not rule on the motion by written order before the 75-day period expires, the motion is deemed denied. Tex. R. App. P. 21.8(c); *see State ex rel. Cobb v. Godfrey*, 739 S.W.2d 47, 49 (Tex. Crim. App. 1987).[1]

When the time in which to rule on a new-trial motion has expired and the new-trial motion has thus been deemed denied, the trial court lacks authority to grant a

---

[1] *Godfrey* and other cases decided before Rule 21.8's September 1, 1997 effective date discuss former Rule 31(e), which was substantially similar to current Rule 21.8. *Compare Godfrey*, 739 S.W.2d at 48–49 (quoting former Rule 31(e)(1), (3)), *with* Tex. R. App. P. 21.8(a), (c).

3

new trial. *See Godfrey*, 739 S.W.2d at 49; *see also Parks v. State*, Nos. 02-15-00419-CR, 02-15-00420-CR, 2017 WL 444378, at *3 (Tex. App.—Fort Worth Feb. 2, 2017, pet. ref'd) (mem. op., not designated for publication) (citing *Godfrey*, 739 S.W.2d at 49). Simply put, a trial court cannot grant a new trial more than 75 days after sentencing. *See Godfrey*, 739 S.W.2d at 49; *see also State v. Garza*, 931 S.W.2d 560, 562 (Tex. Crim. App. 1996) ("[O]nce a motion for new trial is overruled by operation of law, the trial court loses jurisdiction to rule upon it."). Any action on a new-trial motion after that time expires is a nullity. *Godfrey*, 739 S.W.2d at 49; *see Smith v. State*, 559 S.W.3d 527, 533 (Tex. Crim. App. 2018) ("A trial judge has no authority to issue a new judgment and sentence some five months after adjudication."); *State v. Bates*, 889 S.W.2d 306, 310 (Tex. Crim. App. 1994) (concluding that trial court's new-trial order entered more than 75 days after judgment was void).

### III. Analysis

Here, the trial court signed the order granting Collier's new-trial motion on May 4, 2023—84 days after it had suspended Collier's sentence. The State argues that because more than 75 days had elapsed since sentencing and Collier's motion had thus been deemed denied, the trial court had no authority to grant Collier's motion, and the trial court's new-trial order was thus a nullity. We agree. *See, e.g.*, *Godfrey*, 739 S.W.2d at 49; *see also Maxey v. State*, Nos. 05-21-00353-CR, 05-21-00354-CR, 05-21-00355-CR, 2022 WL 2255720, at *4 (Tex. App.—Dallas June 23, 2022, no pet.) (mem. op., not designated for publication) ("Here, Mr. Maxey's December 4,

4

2017 motion for new trial in cause no. F17-75257-M was filed and granted more than four and one-half months after the trial court's July 10, 2017 adjudication and sentencing in that case. Thus, the granting of his motion for new trial and the subsequent proceedings and judgments in that case were nullities.").

Collier counters that the trial court still had plenary power on May 4, 2023, to grant his new-trial motion. Relying on Texas Rule of Civil Procedure 329b(e), he asserts that the trial court did not lose plenary power until 30 days after the new-trial motion was overruled by operation of law. *See* Tex. R. Civ. P. 329b(e) (extending a trial court's plenary power over a judgment for 30 days after a timely filed new-trial motion is overruled "either by written and signed order or by operation of law, whichever occurs first"). He thus reasons that the trial court retained its plenary power until May 25, 2023, making the trial court's May 4, 2023 new-trial order valid. We disagree.

The rules regarding new-trial motions in civil cases do not apply to criminal cases:

> There are civil rules (located in the Rules of Civil Procedure) that guide the pursuit of motions for new trials in civil cases, and there are criminal rules (located in the Rules of Appellate Procedure) that guide the pursuit of motions for new trial in criminal cases. The language of these different sets of rules is different, and the proper construction of the different rules requires recognizing distinctions.

*Rubio v. State*, 638 S.W.3d 693, 703 (Tex. Crim. App. 2022); *see* Tex. R. Civ. P. 2 (stating that the Texas Rules of Civil Procedure govern "all actions of a civil

5

nature"). The Texas Court of Criminal Appeals has expressly declined to apply Rule 329b(e) in criminal cases. *See Godfrey*, 739 S.W.2d at 49. Accordingly, "[a]fter a motion for new trial in a criminal case is overruled, the [trial] court does not have an additional thirty-day period of plenary power to act on the motion." *State v. Zavala*, 28 S.W.3d 658, 659 (Tex. App.—Corpus Christi–Edinburg 2000, pet. ref'd) (citing *Godfrey*, 739 S.W.2d at 49). The trial court's plenary power to act on Collier's new-trial motion thus expired when the motion was deemed denied on April 25, 2023. *See* Tex. R. App. P. 21.8; *Godfrey*, 739 S.W.2d at 49; *Zavala*, 28 S.W.3d at 659.

Collier asks us to use Rule of Appellate Procedure 2 to suspend Rule 21.8, arguing that there is good cause to do so because he had relied on the trial court to timely rule on his timely filed new-trial motion and because at the May 4 hearing, both the State and the trial court expressed their belief that the trial court still had plenary power to grant Collier a new trial. Rule 2 allows us to "suspend a rule's operation in a particular case and order a different procedure" in order "to expedite a decision or for other good cause." Tex. R. App. P. 2. But we cannot use Rule 2 to suspend Rule 21.8 so that a trial court's untimely granting a new trial becomes valid retroactively. *See Garza*, 931 S.W.2d at 563–64; *Godfrey*, 739 S.W.2d at 49; *Campbell v. State*, 77 S.W.3d 918, 920–21 (Tex. App.—Amarillo 2002, order) (per curiam), *disp. on merits*, 139 S.W.3d 676 (Tex. App.—Amarillo 2003, pet. ref'd); *Zavala*, 28 S.W.3d at 659.[2]

---

[2]Rule 2 was changed in 1997, so cases decided before the rule's September 1, 1997 effective date rely on the rule's former version, which was substantially the same

In short, because the trial court had not ruled on Collier's timely filed new-trial motion within 75 days after suspending Collier's sentence in open court, the motion was deemed denied on April 25, 2023, and the trial court thus lacked authority to grant it on May 4, 2023. *See* Tex. R. App. P. 21.8. The trial court's new-trial order is therefore a nullity. We sustain the State's first point.

## IV. Conclusion

Having sustained the State's first point, we reverse the trial court's new-trial order and reinstate the trial court's "Judgment of Community Supervision."

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: November 9, 2023

---

as the current version. *See* Tex. R. App. P. 2 cmt. ("Former subdivision (a) regarding appellate court jurisdiction is deleted. The power to suspend rules is extended to civil cases. Other nonsubstantive changes are made."); *see also Campbell*, 77 S.W.3d at 921 & n.2 (quoting *Garza*, which held that "Rule 2(b) does not authorize the retroactive suspension of rules governing events that have already occurred at the trial level before the record has been conveyed to the appellate court," 931 S.W.2d at 563, and explaining that "[t]he previous Rule 2(b) is substantially the same as Rule 2").